IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | |
| vs. | | Case No. CR-1-01-009-03 |
| | : | |
| ISADORE GENNINGS, | | Senior District Judge Spiegel |
| | : | |
| Defendant. | | |

**SENTENCING MEMORANDUM OF DEFENDANT ISADORE GENNINGS
AND MOTION FOR DOWNWARD DEPARTURE**

Defendant Isadore Gennings, ("Mr. Gennings"), hereby submits his sentencing memorandum, maintaining that he qualifies for relief under the Mandatory Minimum Sentencing Reform Act, 18 U.S.C. §3553(f), also known as the "safety valve." Further, Mr. Gennings requests that the Court grant a downward departure in his sentence for individual factors as well as totality of the circumstances. Finally, Mr. Gennings, in the event that he qualifies for relief under the safety valve, raises an objection to application of the sentencing guidelines based upon Blakely v. Washington, 124 S.Ct. 2531 (2004). The grounds for such objections are discussed below.

**I. Safety Valve**

18 U.S.C. §3553(f), which was copied substantially verbatim in United States Sentencing Guideline (U.S.S.G) §5C1.2, provides:

> Notwithstanding any other provision of the law, in the case of an offense under [21 U.S.C. § 841], the court shall impose a sentence pursuant to guidelines promulgated by the United States Sentencing Commission under section 994 of tile 28 without regard to any statutory minimum sentence, if the court finds at sentencing, after the government has been afforded the

>opportunity to make a recommendation, that -
>
>(1) the defendant does not have more than 1 criminal history point, as determined under the sentencing guidelines;
>
>(2) the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
>
>(3) the offense did not result in death or serious bodily injury to any person;
>
>(4) the defendant was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848; and
>
>(5) not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.

The instant case is on remand from the Sixth Circuit Court of Appeals. As background, Mr. Gennings was sentenced on March 19, 2002, to 240 months imprisonment, the statutory mandatory minimum, for drug-related offenses. On April 13, 2004, the Sixth Circuit Court of Appeals affirmed in part and reversed in part the judgement of this Court. The case is now remanded back to this Court to determine "whether Defendant met the criteria for a downward departure from his mandatory minimum sentence pursuant to the §5C1.2." United States v. Gennings, No. 02-3312, at 8 (6th Cir. Apr. 13, 2002)(unpublished).

In Gennings, the Sixth Circuit Court determined that Mr. Gennings was not given an opportunity to present his argument for a downward departure because the district court did not believe that it had discretion to depart below the statutory mandatory minimum sentence. Before the Sixth Circuit, the government conceded that Mr. Gennings qualified under the first four criteria of the safety valve

provision.[1]    Therefore, the issue in contention is the fifth factor, whether "the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan set forth above." U.S.S.G §5C1.2(5).

The Sixth Circuit, in reaching its decision to remand this case back to the district court, relied on United States v. Shrestha, 86 F3d 935 (9th Cir. 1996). In Shrestha, the Sixth Circuit adopted the position taken by the Ninth Circuit that a defendant's "failure to fully cooperate with the government should not preclude him from satisfying the fifth element of 18 U.S.C. § 3553(f)." Id., at 7. The Sixth Circuit, stated that "[t]he analogy to Shrestha is apt because in that case the Ninth Circuit rejected the government's argument that the defendant was not entitled to the application of the safety valve provision because he failed to cooperate with the government prior to trial." Id., at 7

The argument of the government in Shrestha is essentially the same argument in the instant case:

> The Government does not argue that Shrestha gave untruthful or misleading information about his contacts, or even that he 'necessarily withheld any additional information.' Rather, it argues that Shrestha is ineligible for the safety valve provision because, while he confessed to knowledge of the contraband and provided names of his contacts to the customs agents, he insisted at trial and at sentencing that he did not know he was carrying drugs. The Government concedes that the safety valve provision does not require a defendant to testify at trial, truthfully or otherwise. It contends, however, that Shrestha's recantation of his guilty knowledge cast doubt on his original confession, and that perjury at trial should automatically defeat a claim for sentence reduction under section (5) of the safety valve provision.

When rejecting the government's argument, the Ninth Circuit Court stated:

---

[1] The government also conceded that the district court erred in concluding that it could not depart downward from the a mandatory minimum sentence, but contended the error was harmless. The Sixth Circuit did not consider the error harmless and remanded this case for resentencing on this issue. Gennings, No. 02-3312, at 5, 7.

> We hold that the district court did not clearly err in finding that Shrestha met the safety valve requirements. The fact that Shrestha denied his guilty knowledge at trial and at sentencing after his confession to the customs agents does not render him ineligible for the safety valve reduction as a matter of law. The safety valve provision authorizes district courts to grant relief to defendants who provide the Government with complete information by the time of the sentencing hearing. Shrestha's recantation does not diminish the information he earlier provided.

In the instant case, the record shows that Mr. Gennings did provide complete information to the government. At the time of his arrest, Mr. Gennings assisted the government by making phone calls to Robert Maurice Addison and Jerome Lundy, to whom he and Nekia Barney were to deliver an automobile used in the drug conspiracy to transport money or narcotics. As a result of these phone calls, Addison and Lundy were arrested.

Although Mr. Gennings assisted the government, he has maintained that he was unaware of the exact nature of illegal activity, if any, that was occurring; he has maintained this position since pleading guilty, withdrawing his guilty plea, proceeding to trial, and being found guilty by a jury. On, April 5, 2001, Mr. Gennings pleaded guilty to Count One of the indictment, Conspiracy to Distribute Cocaine. The Statement of Facts read, in pertinent part, that "Gennings *suspected* that Anderson was selling cocaine in Cincinnati, Ohio." Transcript, Change of Plea Hearing, April 5, 2001, (emphasis added). In this instance, the word *suspected* gives credence to the notion that Mr. Gennings did not have full knowledge of the illegal enterprise taking place.

This Court allowed Mr. Gennings to withdraw his guilty plea on July 17, 2001, apparently because, among other things, Mr. Gennings had been consistent in his belief that he was unaware of the nature of criminal activity. At trial held November 13-16, 2001, testimony inconsistent with

Mr. Gennings' position was elicited from codefendants.[2]  However, although such testimony was used to persuade a jury to convict Mr. Gennings, this court is still able to weigh the testimony of all persons and assess truthfulness.  Indeed, the PSI at ¶34 states the testimony was *unsubstantiated* and not used for purposes of guideline sentencing.  (Emphasis added).

The Sixth Circuit has applied the safety valve before over the government's objection in United States v. Carpenter, 142 F.3d 333 (6th Cir. 1998)(defendant did not have to testify at trial to qualify for safety valve), although the Sixth Circuit did not give safety valve relief in United States v. Penn, 282 F.3d 879 (6th Cir. 2002)(court cannot downwardly depart to criminal history category 1 in order to apply the safety valve), United States v. Odell, 247 F.3d 655 (6th Cir. 2001)(defendant failed to satisfy his burden to establish eligibility under the safety valve), United States v. Maduka, 104 F3d 891 (6th Cir. 1997)(complete information included defendant's disclosure about the involvement of other co-conspirators to qualify for safety valve, although a court can independently review the applicability of §5C1.2 to a defendant's assistance as opposed to having to give substantial weight to the evaluation by the government of the assistance rendered by the defendant under §5K1.1), or United States v. Adu, 82 F.3d 119 (6th Cir. 1996)(complete information to qualify for safety valve involves more than acceptance of responsibility).

Courts in other circuits have considered the Shrestha analysis in applying the safety valve.  See, United States v. Withers, 100 F.3d 1142 (4th Cir. 1996); United States v. Morones, 181 F.3d 888 (8th Cir. 1999); United States v. Gonzales, 319 F.3d 291 (7th Cir. 2003).  Although those courts did not grant safety valve relief to the defendant in those particular situations, the decisions indicate that the

---

[2]   Addison testified that Gennings was allegedly in Addison's apartment when Anderson cooked cocaine powder into crack and Anderson gave Gennings some of the crack. Patterson testified that he heard Gennings ask Anderson for cocaine to sell.

court may have applied the safety valve in slightly different situations.

In <u>United States v. Morones</u>, 181 F.3d 888, 891 (8th Cir. 1999), the court reasoned:

> Leaving aside the trial testimony question posed by Shrestha, a defendant who recants or materially changes his story prior to sentencing can present a difficult safety valve issue for the sentencing court. On the one hand are cases where the defendant withholds material information or dissembles until the eve of sentencing, but is then completely truthful. Safety valve relief is not precluded simply because a tardy disclosure is less helpful to the government. See <u>Tournier</u>, 171 F.3d at 647-48. Although the defendant in this type of case may have told the government inconsistent stories, it serves the purposes of the safety valve to grant relief if the sentencing court is persuaded that the last story is complete and truthful. On the other hand are cases where the defendant, like Morones, initially tells the government the whole truth but later recants. This type of defendant is no more entitled to safety valve relief than the defendant who never discloses anything about the crime and its participants. In this type of case, if the sentencing court finds that the initial recanted story was truthful, or that in recanting the defendant has been untruthful, the court's ultimate finding that defendant has not 'truthfully provided to the Government all information and evidence the defendant has concerning the offense' is not clearly erroneous. (Footnote omitted).

In <u>United States v. Gonzales</u>, 319 F.3d 291, 299 (7th Cir. 2003), the court opined:

> We simply hold that the district court did not clearly err in refusing to apply the safety-valve adjustment here, where Perez recanted his testimony and perjured himself at trial. Because Perez dishonestly claimed to have forgotten the information previously conveyed, the district court found that Perez's proffer was no longer reliable. Had Perez 're-remembered' the information later, we would have a different case in which he might have become re-eligible for the safety valve.

Mr. Gennings' situation is different from <u>Morones</u> and <u>Gonzales</u> because Mr. Gennings has not recanted his story. In the instant case, we have even yet a different scenario where Mr. Gennings would have continued with his guilty plea but for statements that made him more culpable in a drug

conspiracy than he believes.  Mr. Gennings believes that he has remained steadfast and truthful in a way which this court can apply the safety valve.  This Court has the discretion to assess the facts to make Mr. Gennings re-eligible for the safety valve, so that his sentence is not disproportionate to the sentences of those more culpable in the conspiracy.

**II. Downward Departure**

United States v. Koon, 116 S.Ct. 2035 (1996), clearly indicates that a combination of factors can be used to justify a downward departure.  Even if none of the factors standing alone would justify a departure, the combination of factors may provide an adequate basis for departure.[3]  Mr. Gennings asserts that all of the factors set out above provide an independent basis for a downward departure from the guidelines.  Mr. Gennings maintains, however, that if the Court finds that any one of these factors standing alone is not sufficient but the combination of all the conditions is sufficient, the Court may still depart downward. In addition to issue regarding diminished capacity, Mr. Gennings is a young man who has some college, has potential to earn a good living as an automobile technician who works in tire alignment and wheel suspension.  Mr. Gennings is a hard worker supporting family and children who are important in his life.  Mr. Gennings can be a productive citizen, and has a support group of family and friends that care about Mr. Gennings's future.  The above factors can be considered as a basis for downward departure individually or collectively, although not ordinarily relevant under U.S.S.G. 5H1.1 (Age), U.S.S.G. 5H1.2 (Educational and Vocational Skills), and

---

[3] "The Guidelines, however, 'place essentially no limit on the number of potential factors that may warrant departure.' Burns v. United States, 501 U.S. 129, 136-137, 111 S.Ct. 2182., 115 L.Ed. 2d 123 (1991)." Koon, at 2050.

U.S.S.G. 5H1.6 (Family Ties and Responsibilities, and Community Ties).

**III. Blakely objection**

Mr. Gennings requests, pursuant to Blakely v. Washington, 124 S.Ct. 2531 (2004), that the Court determine that the United States Sentencing Guidelines are not a mandatory constraint on the discretion of this Court to fix Mr. Gennings' sentence. Mr. Gennings acknowledges that the Sixth Circuit has ruled *en banc* on August 26, 2004 in United States v. Koch, No. 02-6278, that Blakely does not affect the sentencing guidelines. Nonetheless, in the event that such determination is later invalidated by the United States Supreme Court, Mr. Gennings raises this issue to preserve his rights.

Accordingly, Mr. Gennings, in the event that he qualifies for relief under the safety valve, submits that this Court may decline to impose the harsh sentence recommended by the sentencing guidelines in the present case, and impose an appropriate reduced sentence.

                        Respectfully submitted,

                        STEVEN R. KELLER,
                        FEDERAL PUBLIC DEFENDER

                        s/ C. Ransom Hudson
                        C. Ransom Hudson (0061332)
                        Assistant Federal Public Defender
                        2000 URS Center
                        36 East Seventh Street
                        Cincinnati, Ohio 45202
                        (513) 929-4834

                        Attorney for Defendant
                        Isadore Gennings

**CERTIFICATE OF SERVICE**

    I hereby certify that on the 7th day of November, I electronically filed the foregoing with the Clerk of the Clerk using CM/ECF system which will send notification of such filing to the following: Robert C. Brichler, Assistant United States Attorney.