UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | NO. 1:01-CR-00009 |
| v.   : | |
| : | **ORDER** |
| ISADORE GENNINGS : | |

This matter is before the Court on the Sentencing Memorandum of Defendant Isadore Gennings and Motion for Downward Departure (doc. 201) and the Government's Sentencing Memorandum on Remand (doc. 202). The Court held a hearing on this matter on Tuesday, November 9, 2004. At the hearing, the Court ruled from the bench, denying Defendant's request for a downward departure. The Court indicated at the hearing that a short written order would follow.

**FACTS & PROCEDURAL HISTORY**

On March 19, 2002, the Defendant was sentenced to two-hundred and forty (240) months imprisonment, the statutory mandatory minimum, for drug-related offenses (doc. 201). On April 13, 2004, the Sixth Circuit Court of Appeals affirmed in part and reversed in part the judgment of this Court (See United States v. Gennings, No. 02-3312 (6th Cir. Apr. 13, 2002). The Sixth Circuit

remanded the case back to this Court with the fiat to determine "whether Defendant met the criteria for a downward departure from his mandatory minimum sentence pursuant to § 5C1.2" (Id. at *11). A detailed discussion of the procedural history and facts in this case are delineated in the Sixth Circuit opinion and the Court will not recount all of these facts and circumstances, but will only recount those necessary in reaching the Court's conclusion (See Id. at *2-5).

At Defendant's initial sentencing hearing, the Defendant requested that this Court depart downward from the mandatory minimum and institute a sentence congruent with the sentencing guidelines as permitted by § 5C1.2 (Id. at *5). At this initial sentencing hearing, this Court determined that it had "no discretion to go below th[e] mandatory minimum, even though the guidelines might provide for a lesser sentence" (Id.). The government conceded that this Court erred in concluding that it could not depart downward, but argued that the error was harmless (Id.).

Section 5C1.2 of the sentencing guidelines is referred to as the "safety valve" provision (Id.). That provision reads a district court should "impose a sentence in accordance with the applicable guidelines without regard to any statutory minimum sentence, if the court finds that the defendant meets the criteria in 18 U.S.C. § 3553(f)(1)-(5)" (See U.S.S.G. § 5C1.2). 18 U.S.C.

-2-

§ 3553(f) provides:

> Notwithstanding any other provision of the law, in the case of an offense under [21 U.S.C. § 841], the court shall impose a sentence pursuant to [U.S.S.G., 28 U.S.C. § 994] without regard to any statutory minimum sentence, if the court finds at sentencing . . . that –
>
> (1) the defendant does not have more than 1 criminal history point, as determined under the sentencing guidelines;
> (2) the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
> (3) the offense did not result in death or serious bodily injury to any person;
> (4) the defendant was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. [§] 848; and
> (5) not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.

(18 U.S.C. 3343(f)).  The government acknowledges that the Defendant met the first four (4) criteria, but maintains that Defendant did not meet the requirement of criteria five (5) (United States v. Gennings, No. 02-3312 at * 6(6th Cir. Apr. 13, 2002)). As Defendant did not meet the fifth criteria, the government argued

that this Court's error was harmless (<u>Id</u>.).

As the Sixth Circuit stated in its opinion, criteria five (5), as enumerated above, requires a defendant to truthfully impart all information and evidence that he has regarding the charged incident to the government (<u>Id</u>.). Additionally, the defendant carries the burden in proving that the "safety valve" provision is applicable (<u>Id</u>. <u>citing</u> <u>United States v. Adu</u>, 82 F.3d 119, 122 (6th Cir. 1996)). Additionally, <u>United States v. Maduka</u>, 104 F.3d 891 (6th Cir. 1997), requires a defendant to furnish complete information concerning the offense charged (<u>Id</u>. at 894 (<u>quoting</u> U.S.S.G. § 5C1.2)).

In the Sixth Circuit's opinion regarding this matter it stated, "refusal to discuss any of the elements for a downward departure under § 5C1.2 [was] hardly harmless" (<u>United States v. Gennings</u>, No. 02-3312 at * 7(6th Cir. Apr. 13, 2002)). The Sixth Circuit required this Court to permit the Defendant an opportunity to present evidence manifesting his entitlement to a downward departure. This opportunity was given to the Defendant at the hearing held before the Court on November 9, 2004.

After considering the evidence presented by both the Defendant and the government, the Court concludes that Defendant has not met his burden as mandated by <u>Adu</u>. Testimony was provided by a law enforcement agent involved in Defendant's arrest that demonstrates Defendant did not "truthfully provide[. . .] to

-4-

the Government all information and evidence the [D]efendant ha[d] concerning the offense or offenses" for which he was charged (18 U.S.C. § 3553(f)(5)). Additionally, evidence was introduced that Defendant's drug colleagues testified to events and circumstances revolving around Defendant's charge that were not revealed by Defendant to the government.

As such, the Court finds that Defendant is not entitled to a downward departure. Accordingly, Defendant's sentence remains at the two-hundred and forty (240) months originally imposed by this Court on March 14, 2002 (doc. 148). However, if the federal sentencing guidelines are determined in the future to be unconstitutional or illegal, the Court imposes a sentence of one-hundred and twenty (120) months. Defendant's Motion for a Downward Departure (doc. 201) is hereby DENIED.

SO ORDERED.

Dated: November 16, 2004        /s/ S. Arthur Spiegel
                                S. Arthur Spiegel
                                United States Senior District Judge