INFORMATION COPY
MANDATE NOT YET ISSUED
DIS. CT. # 01-009

**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

No. 04-4501

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

MAY 04 2006

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| ISADORE GENNINGS, | ) | THE SOUTHERN DISTRICT OF |
| | ) | OHIO |
| Defendant-Appellant. | ) | |

O R D E R

Before: RYAN and COOK, Circuit Judges; GWIN, District Judge.[*]

Isadore Gennings appeals a district court determination, following a remand of his direct criminal appeal from this court, that he did not qualify for sentencing under the "safety valve" provisions, 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).

Following a jury trial in the district court in 2001, Gennings was convicted of conspiracy to distribute cocaine, interstate travel in aid of racketeering, and possession with intent to distribute more than five kilograms of cocaine. On March 19, 2002, the district court sentenced Gennings to the mandatory minimum term of 240 months of imprisonment. On direct appeal, this court affirmed Gennings's convictions, but remanded the case to the district court for further proceedings with respect to Gennings's entitlement to sentencing under the "safety valve" provisions. *United States v. Gennings*, 95 Fed. Appx. 795, 2004 WL 829884 (6th Cir. 2004). On remand, the district court

---

[*]The Honorable James S. Gwin, United States District Judge for Northern District of Ohio, sitting by designation.

conducted an evidentiary hearing, and determined that Gennings was not entitled to sentencing under the "safety valve" provisions. Gennings filed a timely notice of appeal.

Counsel for Gennings has filed a motion to withdraw, in which counsel concludes that there are no arguable issues on appeal, and a brief in compliance with *Anders v. California*, 386 U.S. 738, 744 (1967), in which he asserts that the district court erred in finding that Gennings did not qualify for sentencing under the "safety valve" provisions. Gennings has filed a pro se brief in which he contends that he was sentenced based upon a prior conviction that was not found beyond a reasonable doubt by a jury in violation of the Supreme Court's holding in *Shepard v. United States*, 544 U.S. 13, 125 S. Ct. 1254 (2005). Upon consideration, the district court's order will be affirmed because the district court did not clearly err in its determination that Gennings does not qualify for sentencing under the "safety valve" provisions, and because Gennings's remaining claim on appeal lacks merit.

This court reviews a district court's refusal to apply U.S.S.G. § 5C1.2 for clear error. *See United States v. Bolka*, 355 F.3d 909, 911-12 (6th Cir. 2004); *United States v. Salgado*, 250 F.3d 438, 459 (6th Cir. 2001); *United States v. Adu*, 82 F.3d 119, 124 (6th Cir. 1996). Pursuant to the "safety-valve" provision contained in 18 U.S.C. § 3553(f), and repeated verbatim in U.S.S.G. § 5C1.2, a sentencing court may impose a sentence below the statutory minimum for certain specified drug offenses if five criteria are met: (1) the defendant has no more than one criminal history point; (2) the defendant did not use violence or threaten violence, or possess a firearm or dangerous weapon; (3) the offense did not result in death or serious bodily injury; (4) the defendant was not an organizer, leader, manager, or supervisor and was not engaged in a continuing criminal enterprise; and (5) the defendant has truthfully provided the government with all information concerning the offense, even if not useful or relevant, and even if the government already possessed such knowledge. *See Adu*, 82 F.3d at 123-25. A defendant must provide complete information regarding not only the offense of conviction, but also any relevant conduct, including information regarding the participation of other people in the offense. *United States v. Maduka*, 104 F.3d 891, 894 (6th Cir. 1997). The defendant has the burden of proving by a preponderance of the evidence

that he is entitled to the reduction. *Bolka*, 355 F.3d at 912; *United States v. Stewart*, 306 F.3d 295, 327 n.19 (6th Cir. 2002); *Adu*, 82 F.3d at 123-24. If the government challenges a defendant's claim of complete and timely disclosure and the defendant does not produce evidence that demonstrates such disclosure, a district court's denial of a request to apply § 5C1.2(5) is not clearly erroneous. *Adu*, 82 F.3d at 125.

As noted, this court remanded this case to the district court to afford Gennings an opportunity to establish that he met the fifth criterion for a "safety valve" reduction. As noted, the district court conducted an evidentiary hearing on remand. At the hearing, the government offered testimony to the effect that defendant did not qualify for a "safety valve" reduction because he had not truthfully provided the government with all information concerning his offenses, and Gennings did not offer any evidence. Not surprisingly, the district court denied Gennings a reduction. Under these circumstances, this court cannot conclude that the district court clearly erred in denying Gennings a "safety valve" reduction because Gennings did not offer any evidence that he made a complete and timely disclosure of required information in his case. *See id.*

Finally, Gennings's contention that his sentence was based upon a prior conviction that was not found beyond a reasonable doubt by a jury lacks merit. The Supreme Court determined, in the *Shepard* decision cited by Gennings, that sentencing courts may consider, in addition to the judgment of conviction, a narrow range of documents to determine whether a prior conviction involved a "violent felony" for purposes of the Armed Career Criminal Act. *Shepard*, 544 U.S. at ___, 125 S. Ct. at 1263. However, the fact of a prior conviction need not be proven to a jury beyond a reasonable doubt. *United States v. Booker*, 543 U.S. 220, 244, 125 S. Ct. 738, 756 (2005); *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000). Nor does existing case law require that the nature of a prior conviction be proven to a jury. *United States v. Barnett*, 398 F.3d 516, 524-25 (6th Cir.), *cert. dismissed*, 126 S. Ct. 33 (2005). Here, the information filed by the government on August 24, 2001, alleged that Gennings had a prior felony conviction for possession of a controlled substance that subjected him to the mandatory minimum sentence in this case, and Gennings did not dispute the fact of the conviction. Under these circumstances, the district court's sentence based on Gennings's

No. 04-4501
- 4 -

prior conviction did not violate his Sixth Amendment rights, and Gennings's remaining claim on appeal lacks merit.

Review of the record does not reveal any other colorable issue for appeal. Accordingly, counsel's motion to withdraw is granted, and Gennings's sentence is affirmed. *See* Rule 34(j)(2)(C), Rules of the Sixth Circuit.

ENTERED BY ORDER OF THE COURT

*[signature]*
Clerk

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**
100 EAST FIFTH STREET, ROOM 540
POTTER STEWART U.S. COURTHOUSE
CINCINNATI, OHIO 45202-3988

LEONARD GREEN
CLERK

JILL COLYER
(513) 564-7024
(FAX) 564-7098
www.ca6.uscourts.gov

Filed: May 4, 2006

Robert Brichler
U.S. Attorney's Office
Southern District of Ohio
221 E. Fourth Street
Suite 400
Cincinnati, OH 45202

C. Ransom Hudson
Office of the Federal Public Defender
Southern District of Ohio
36 E. Seventh Street
Suite 2000 CBLD Center
Cincinnati, OH 45202

RE: 04-4501
    USA vs. Gennings
    District Court No. 01-00009

Enclosed is a copy of an order which was entered today in the above-styled case.

Very truly yours,
Leonard Green, Clerk

Jill Colyer
Case Manager

Enclosure

cc:
    Honorable S. Arthur Spiegel
    Mr. James Bonini