# EXHIBITS

# IN SUPPORT OF PETITIONERS

# §2255 MOTION

# TABLE OF CONTENTS OF EXHIBITS

1.  **21 U.S.C. §851 NOT ICE AND CERTIFIED DOCKET SHEET FROM COOK COUNTY, ILL.**

2.  **DOCKET SHEET USA V. ADDISON, ET AL., 1:01CR9.**

3.  **EXCERPTS OF TRIAL TRANSCRIPT NOVEMBER 13, 2001.**

4.  **EXCERPTS OF TRIAL TRANSCRIPT NOVEMBER 14, 2001.**

5.  **PLEA AGREEMENT.**

6.  **PROBATION OFFICER LETTER DATED FEBRUARY 27, 2002, MINOR ROLE ADJUSTMENTS.**

7.  **U.S. DISTRICT COURT ORDER, DATED JUNE 26, 2001.**

FILED

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

AUG 2 4 2001

KENNETH J. MURPHY, Clerk
CINCINNATI, OHIO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No. CR-1-01-009 |
| | : | |
| | : | (Spiegel, J.) |
| vs. | : | |
| | : | INFORMATION |
| | : | |
| ISADORE GENNINGS | : | 21 U.S.C. § 851 |

-----------------------------

Now comes the United States of America through its attorney,
the United States Attorney for the Southern District of Ohio, and
files with the Court pursuant to 21 U.S.C. § 851 information that
**ISADORE GENNINGS**, the defendant herein, stands convicted of a prior
felony drug offense under the laws of the State of Illinois and
therefore is liable for the enhanced punishment of a mandatory
twenty years in prison pursuant to 21 U.S.C. § 841 (b)(1)(A).

The conviction upon which the government relies is **ISADORE
GENNINGS'** conviction in the Circuit Court of Cook County, Illinois
to wit; Case #91CR0864002 sentence imposed September 26, 1991 on
the charge of possession of a controlled substance in violation of
the laws of the State of Illinois.

Copies of the judgement entries are attached hereto.

Respectfully submitted,

GREGORY G. LOCKHART
United States Attorney

Robert C. Brichler #0017745
Assistant U.S. Attorney
100 E. Fifth Street Room 220
Cincinnati, Ohio 45202

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Information was hand delivered and mailed to counsel for the defendant, Alvertis W. Bishop, Suite 1300, 30 East Cental Parkway, Cincinnati, Ohio 45202 by regular U.S. Mail on the 24th day of August 2001.

Robert C. Brichler #0017745
Assistant U.S. Attorney

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS            Page 001

PEOPLE OF THE STATE OF ILLINOIS

VS                          NUMBER 91CR0864002

ISADORE      JENNINGS

CERTIFIED STATEMENT OF CONVICTION / DISPOSITION

I, DOROTHY BROWN, Clerk of the Circuit Court of Cook County, Illinois,
and keeper of the records and seal thereof do hereby certify that the
electronic records of the Circuit Court of Cook County show that:

The States Attorney of Cook County filed an INDICTMENT/INFORMATION
with the Clerk of the Circuit Court.

Charging the above named defendant with:

A 56.5 1402-C    1996                    PCS ANY OTHR AMT CONTS

The following disposition(s) was/were rendered before the Honorable Judge(s):

04/15/91 IND/INFO-CLK OFFICE-PRES JUDGE           05/03/91 1701
         FITZGERALD, THOMAS R.
05/03/91 DEFENDANT NOT ARRAIGNED
         BASTONE, ROBERT P.
05/03/91 CASE ASSIGNED                            05/15/91 1740
         BASTONE, ROBERT P.
 /15/91 PUBLIC DEFENDER APPOINTED
         DERNBACH, DENNIS A.
05/15/91 DEFENDANT ARRAIGNED
         DERNBACH, DENNIS A.
05/15/91 PLEA OF NOT GUILTY
         DERNBACH, DENNIS A.
05/15/91 CONTINUANCE BY AGREEMENT                 06/05/91
         DERNBACH, DENNIS A.
06/05/91 DEFENDANT ON BOND
         DERNBACH, DENNIS A.
06/05/91 MOTION TO SUPPRESS                              E        2
         DERNBACH, DENNIS A.
06/05/91 CONTINUANCE BY AGREEMENT                 06/26/91
         DERNBACH, DENNIS A.
06/26/91 DEFENDANT ON BOND
         DERNBACH, DENNIS A.
06/26/91 MOTION TO SUPPRESS                              E        2
         DERNBACH, DENNIS A.
06/26/91 CONTINUANCE BY AGREEMENT                 07/22/91
         DERNBACH, DENNIS A.
07/22/91 MOTION TO SUPPRESS                              E        2
         DERNBACH, DENNIS A.
07/22/91 CONTINUANCE BY AGREEMENT                 08/21/91
         DERNBACH, DENNIS A.

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS          Page 002

PEOPLE OF THE STATE OF ILLINOIS

                    VS              NUMBER 91CR0864002

ISADORE      JENNINGS

CERTIFIED STATEMENT OF CONVICTION / DISPOSITION

I, DOROTHY BROWN, Clerk of the Circuit Court of Cook County, Illinois,
and keeper of the records and seal thereof do hereby certify that the
electronic records of the Circuit Court of Cook County show that:

The States Attorney of Cook County filed an INDICTMENT/INFORMATION
with the Clerk of the Circuit Court.

08/21/91 MOTION TO SUPPRESS                                    E        2
         DERNBACH, DENNIS A.
08/21/91 CONTINUANCE BY AGREEMENT                    09/26/91
         DERNBACH, DENNIS A.
09/26/91 CHARGE AMENDED                  C001
         DERNBACH, DENNIS A.
09/26/91 PG JW FINDING GUILTY            C001
         DERNBACH, DENNIS A.
09/26/91 DEF SENTENCED TO PROBATION      C001
         18 MTH
         DERNBACH, DENNIS A.
09/26/91 CRIME LAB FEE ASSESSED                                     $      50
         DERNBACH, DENNIS A.
09/26/91 MONTHLY PROBATION FEE ASSESSED                             $      10
         PER MONTH
         DERNBACH, DENNIS A.
09/26/91 CHANGE PRIORITY STATUS          M
         DERNBACH, DENNIS A.
09/26/91 DEF ADVISED OF RIGHT TO APPEAL
         DERNBACH, DENNIS A.
11/18/92 PET VIOL OF PROBATION FILED
         DERNBACH, DENNIS A.
11/18/92 PETITION FOR V.O.P. ALLOWED
         DERNBACH, DENNIS A.
11/18/92 NO BAIL
         DERNBACH, DENNIS A.
11/18/92 WARRANT, VIOLATION OF PROB
         DERNBACH, DENNIS A.
04/29/94 WARR RETURNED, EXECUTED, FILED   W001
         DERNBACH, DENNIS A.
04/29/94 REINSTATEMENT - VIOL PROBATION   C001 05/02/94 1740
         DERNBACH, DENNIS A.
05/02/94 DEFENDANT IN CUSTODY
         DERNBACH, DENNIS A.
05/02/94 PRISONER DATA SHEET TO ISSUE
         DERNBACH, DENNIS A.
05/02/94 CONTINUANCE BY AGREEMENT                    05/24/94
         DERNBACH, DENNIS A.

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS          Page 003

PEOPLE OF THE STATE OF ILLINOIS

VS                    NUMBER 91CR0864002

ISADORE      JENNINGS

CERTIFIED STATEMENT OF CONVICTION / DISPOSITION

I, DOROTHY BROWN, Clerk of the Circuit Court of Cook County, Illinois,
and keeper of the records and seal thereof do hereby certify that the
electronic records of the Circuit Court of Cook County show that:

The States Attorney of Cook County filed an INDICTMENT/INFORMATION
with the Clerk of the Circuit Court.

```
05/24/94 PG, FG TO VOP
05/24/94 VIOL PROB - CCDOC                   C001
               26 DYS
05/24/94 DEF SENTENCED TO PROBATION          C001
               12 MTH
05/24/94 CREDIT DEFENDANT FOR TIME SERV
    26 DAYS   02 521                            Y
04/24/95 PET VIOL OF PROBATION FILED
04/24/95 PROB HEARING DATE ASSIGNED           05/15/95 1740
05/15/95 PROB TERMINATED- SATISFACTORY
    DERNBACH, DENNIS A.
```

I hereby certify that the foregoing has
been entered of record on the above
captioned case.
Date 03/29/01

DOROTHY BROWN
CLERK OF THE CIRCUIT COURT OF COOK COUNTY

Proceedings include all events.
1:01cr9-ALL USA v. Addison, et al                                    APPEAL

1/24/01   1      Application and AFFIDAVIT of Don Filer re Express mailby
                 plaintiff USA
                 [ 1:01-m -9 ] (jan) [Entry date 01/24/01]

1/24/01   --      Search Warrant issued   by Mag. Judge Jack Sherman
                 [ 1:01-m -9 ] (jan) [Entry date 01/24/01]

1/24/01   2      Application & AFFIDAVIT of Don Filer by plaintiff USA re
                 tracking device
                 [ 1:01-m -9 ] (jan) [Entry date 01/24/01]

1/24/01   3      ORDER for tracking device by Mag. Judge Jack Sherman (cc:
                 all counsel)
                 [ 1:01-m -9 ] (jan) [Entry date 01/24/01]

1/26/01   4       SEARCH Warrant returned executed  1/24/01
                 [ 1:01-m -9 ] (jan) [Entry date 01/26/01]

1/26/01   5       tracking device Warrant returned executed  1/24/01
                 [ 1:01-m -9 ] (jan) [Entry date 01/26/01]

1/30/01   1      COMPLAINT and affidavit issued by  Mag. Judge Timothy S.
                 Hogan
                 [ 1:01-m -14 ] (ba) [Entry date 01/30/01]

1/30/01   1      COMPLAINT issued by  Mag. Judge Timothy S. Hogan
                 [ 1:01-m -15 ] (ba) [Entry date 01/30/01]

1/30/01   1      COMPLAINT issued by  Mag. Judge Timothy S. Hogan
                 [ 1:01-m -12 ] (ba) [Entry date 01/30/01]

1/30/01   1      COMPLAINT and affidavit issued by  Mag. Judge Timothy S.
                 Hogan
                 [ 1:01-m -13 ] (ba) [Entry date 01/30/01]

1/30/01   2      MINUTES:  Case called for an initial appearance before Mag.
                 Judge Timothy S. Hogan ; counsel present; dft informed of
                 her rights and provided a copy of charging documents; Gov't
                 moved for a detention hearing;  deft to be detained
                 pending detention hearing set before MJ Sherman, 2/2/01 at
                 1:30 pm, Courtroom 708, as to Nekia Barney
                 [ 1:01-m -13 ] (ba) [Entry date 01/30/01]

1/30/01   2      MINUTES:  Case called for an initial appearance before Mag.
                 Judge Timothy S. Hogan; counsel present; deft informed of
                 his rights and provided a copy of charging document;
                 Financial affidavit present and CJA appointment granted;
                 Gov't moved for temporary detention pursuant to a detention
                 hearing; detention hearing set 2/2/01 at 1:30 before MJ
                 Sherman, Courtroom 708
                 [ 1:01-m -14 ] (ba) [Entry date 01/30/01]

| 11/08/2004 | 202 | SENTENCING MEMORANDUM by USA as to Isadore Gennings (Brichler, Robert) (Entered: 11/08/2004) |
|---|---|---|
| 11/10/2004 | 203 | Minute Entry for proceedings held before Judge S Arthur Spiegel: Re-Sentencing (On Remand from COFA Sixth Circuit) held 11/9/2004. Defendant appeared with counsel. Opening statements heard. Testimony presented by Government - Agent Bernard Erwin. Closing arguments heard. The Court Orders in open Court that based on the record and testimony provided, the defendant does not qualify for a safety valve reduction of sentence pursuant to Guideline 5C1.2. The original sentence of 240 months jail stands. If the sentencing guidelines are later determined to unconstitutional or inapplicable, the Court would sentence the defendant to 10 years jail. Written Order to follow. (Court Reporter Mary Ann Ranz (Official).) (km, ) Additional attachment(s) added on 11/10/2004 (km, ). (Entered: 11/10/2004) |
| 11/16/2004 | 204 | ORDER as to Isadore Gennings. Pursuant to the hearing held 11/9/2004, the Court finds that Defendant is not entitled to a downward departure. Accordingly, Defendants sentence remains at the two-hundred and forty (240) months originally imposed by this Court on 3/14/2002 [148]. However, if the federal sentencing guidelines are determined in the future to be unconstitutional or illegal, the Court imposes a sentence of one-hundred and twenty (120) months. Defendants Motion for a Downward Departure as contained in the Sentencing Memorandum 201 is hereby DENIED. Signed by Judge S Arthur Spiegel on 11/16/2004. (km, ) (Entered: 11/16/2004) |
| 11/24/2004 | 205 | NOTICE OF APPEAL by Isadore Gennings re 204 Order. (Hudson, C) Modified on 11/30/2004 (kej, ). (Entered: 11/24/2004) |
| 11/30/2004 | | Transmission of Notice of Appeal and Docket Sheet as to Isadore Gennings to US Court of Appeals re 205 Notice of Appeal - Final Judgment (kej, ) (Entered: 11/30/2004) |
| 12/10/2004 | | USCA Case Number as to Isadore Gennings 04-4501 for 205 Notice of Appeal - Final Judgment filed by Isadore Gennings,. (kej, ) (Entered: 12/14/2004) |
| 12/27/2004 | 206 | TRANSCRIPT REQUEST by Isadore Gennings for proceedings held on 11/9/04 before Judge S. Arthur Spiegel, re 205 Notice of Appeal - Final Judgment (wam, ) (Entered: 01/04/2005) |
| 02/18/2005 | 207 | TRANSCRIPT of Proceedings (Re-Sentencing Hearing) as to Isadore Gennings held on 11/9/2004 before Judge S. Arthur Spiegel. Court Reporter: Mary Ann Ranz (Official). (km, ) (Entered: 02/18/2005) |
| 07/28/2005 | | Certified and Transmitted Record on Appeal as to Isadore Gennings to US Court of Appeals re 205 Notice of Appeal - Final Judgment (kej, ) (Entered: 07/28/2005) |

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF OHIO

WESTERN DIVISION

- - -

UNITED STATES OF AMERICA,    :    NO. CR-1-01-009-3
                             :
            Plaintiff,       :
                             :    Cincinnati, Ohio
                             :
    -vs-                     :    Tuesday, November 13, 2001
                             :
ISADORE GENNINGS,            :    DAY 1 – JURY TRIAL
                             :
            Defendant.       :        VOLUME I
                             :
- - -

TRANSCRIPT OF PROCEEDINGS

BEFORE THE HONORABLE S. ARTHUR SPIEGEL, JUDGE

TRANSCRIPT ORDERED BY:  Alvertis W. Bishop, Esq.

| | |
|---|---|
| For the Plaintiff: | Robert C. Brichler, Esq. |
| | Anthony Springer, Esq. |
| | 221 East Fourth Street |
| | Suite 400 |
| | Cincinnati, Ohio  45202 |
| For the Defendant: | Alvertis W. Bishop, Jr., Esq. |
| | 1300 American Building |
| | 30 East Central Parkway |
| | Cincinnati, Ohio  45202 |
| Clerk: | Vicki Penley |
| Court Reporter: | Connie J. Hueber |
| | Ace Reporting Services |
| Law Clerk: | Jeremy Wilson |

I N D E X

Opening Remarks                                          PAGE

        By The Court                                        4

Voir Dire Examination

        By Mr. Brichler                                7, 39, 50
        By Mr. Bishop                                 21, 44, 51
        By The Court                                      53

Preliminary Instructions

        By The Court                                      56

Opening Statement

        By Mr. Brichler                                   77

                            WITNESSES

JEFFREY WAYNE HILL

    Direct Examination by Mr. Springer                    94
    Cross-Examination by Mr. Bishop                      123

BETH ANN LOGAN

    Direct Examination by Mr. Springer                   129
    Cross-Examination by Mr. Bishop                      136
    Redirect Examination by Mr. Springer                 140

NEKIA BARNEY

    Direct Examination by Mr. Brichler                   144

GREGORY W. MORGAN

    Direct Examination by Mr. Springer                   158
    Cross-Examination by Mr. Bishop                      183

| EXHIBITS | | MARKED | RECEIVED |
|---|---|---|---|
| Plaintiff's Exhibit | 1 | 174, 177, 184 | 176 |
| Plaintiff's Exhibit | 2 | 174, 178, 184 | 176 |
| Plaintiff's Exhibit | 3 | 174, 175, 178 184 | 176 |
| Plaintiff's Exhibit | 4 | 174, 175, 178 184 | 176 |
| Plaintiff's Exhibit | 5 | 174, 175, 178 184 | 176 |
| Plaintiff's Exhibit | 6 | 174, 175, 178 184 | 176 |
| Plaintiff's Exhibit | 7 | 174, 175, 178 184 | 176 |
| Plaintiff's Exhibit | 8 | 174, 175, 176, 179, 184 | 176 |
| Plaintiff's Exhibit | 9 | 175, 180 | – |
| Plaintiff's Exhibit | 10 | – | – |
| Plaintiff's Exhibit | 11 | 98, 100, 121 | 100 |
| Plaintiff's Exhibit | 12 | 108, 131, 137 | – |
| Plaintiff's Exhibit | 13 | 108, 110, 113, 122 124, 127, 132 | – |
| Plaintiff's Exhibit | 14 | 108, 114, 123, 132 133, 137 | – |
| Plaintiff's Exhibit | 15 | 108, 115, 123, 132 134, 138 | – |
| Plaintiff's Exhibit | 16 | 108, 115, 117, 118 123, 132, 134, 136 | – |
| Plaintiff's Exhibit | 17 | 108, 115, 118, 123 132, 135, 136 | – |
| Plaintiff's Exhibit | 18 | 108, 119, 123, 132 135, 136 | – |
| Plaintiff's Exhibit | 19 | 108, 120, 123, 132 135, 136 | – |
| Plaintiff's Exhibit | 20 | 108, 120, 123, 132 135, 136 | – |

– – –

1            deliberating, it's not what somebody has written down

2            on a piece of paper that is the evidence, it's what

3            your collective recollection of what took place in

4            the courtroom is.  So, under the circumstances in

5            this case, there is to be no note-taking.

6                  All right.  Mr. Brichler, let's go.

7                  MR. BISHOP:  Your Honor, may it please the

8            Court, may counsel approach the bench on the record?

9                  THE COURT:  Yeah.

10   SIDEBAR CONFERENCE.

11                 MR. BISHOP:  Your Honor, I thought I should

12           call this to your attention on the record.  Your

13           order of March 14th of this year on the various

14           discovery and evidentiary motions I had filed and

15           among other things, there was a conclusion in here

16           that there was not going to be testimony by

17           co-conspirators, therefore, a certain item of

18           discovery I wanted was overruled at that time.

19                 Now, of course we find that we have

20           co-conspirators testifying and I wanted to call that

21           to the Court's attention.  I believe the defense case

22           to be prejudiced by that having happened, and I would

23           -- therefore, I object to the co-conspirators

24           testifying, sir, and I have your order.

1          THE COURT:  Thanks, Miss Barney.  Now, if you

2     would keep your voice up, he is going to ask you some

3     questions, and the jury wants to hear everything you

4     have to say.

5          THE WITNESS:  Okay.

6          THE COURT:  Would you be more comfortable in

7     holding that in your hand?

8          THE WITNESS:  That's fine.

9          THE COURT:  Go ahead, Mr. Brichler.

10         MR. BRICHLER:  Thank you, Your Honor.  Your

11    Honor, I would like the record to reflect that I have

12    provided Mr. Bishop with the 3500 material.

13         THE COURT:  You have provided him with what?

14         MR. BRICHLER:  The Jencks material.

15         THE COURT:  I didn't understand your question.

16         MR. BRICHLER:  I said I would like the record

17    to reflect that I have provided Mr. Bishop with the

18    Jencks material for this witness.

19         THE COURT:  Oh, okay, I would assume that you

20    have done that.  I didn't -- you didn't have to

21    advise the Court.  Is that all the Jencks material in

22    this case?

23         MR. BRICHLER:  For this witness.

24         THE COURT:  Okay.  Are you just doing it

1     witness by witness, or did you give him all the

2     Jencks material before?

3            MR. BRICHLER:  No, I have given him this

4     witness'.

5            THE COURT:  So, just this witness?

6            MR. BRICHLER:  Right.

7            THE COURT:  All right.  Have you had a chance

8     to review it, Mr. Bishop?

9            MR. BISHOP:  Well, of course not, Your Honor.

10    It was handed to me ten seconds ago.  I read fast,

11    but not that fast.

12           THE COURT:  Well, I would like you, if you can,

13    to give the counsel the Jencks material sometime

14    before, so he can have a chance to review it before

15    the witness testifies.  So let's move on, Mr.

16    Brichler.

17           MR. BISHOP:  Your Honor, I'm begging the Court.

18           THE COURT:  He has done it within the law.

19    There's a statute that says it should be furnished to

20    counsel at the time the witness testifies, or after

21    the witness is finished on direct examination, so

22    let's proceed.

23           MR. BISHOP:  Very well, Your Honor.

24           MR. BRICHLER:  Thank you, Your Honor.

1          THE COURT:  Okay.  What's your response?

2          MR. BRICHLER:  I don't know what he is talking

3     about.

4          THE COURT:  I couldn't hear you.

5          MR. BRICHLER:  I don't know what he is talking

6     about.

7          MR. BISHOP:  Give me a second.  Shall I read

8     this verbatim?

9          THE COURT:  Go ahead read it in the record.

10          MR. BISHOP:  Subparagraph C of your order of

11     March 2001.  The motion says, "Defendant filed a

12     Motion for Notice of the Government's intention to

13     use evidence pursuant to Federal Criminal Rule

14     12(d)(2) requesting that the government provide to

15     defendant its evidence-in-chief that will be

16     presented at trial, so that the defendant may raise

17     objections prior to trial, under Rule 12(b) of the

18     Federal Rules of Criminal Procedure, document 21.

19          "On February 22nd, 2001, the government

20     submitted its response, specifically stating that it

21     intends to use the items provided in discovery in

22     this case in chief, document 25.  In addition, the

23     government does not intend to use statements made

24     co-conspirators under Rule 801(d)(2)(E) as part of

1       the conspiracy charged in the indictment.  Having

2       reviewed this matter, the Court finds that the

3       government's response meets the requirements Rule 12

4       of the Federal Rules of Criminal Procedure, and thus,

5       defendant's motion for notice of intention is hereby

6       denied at this time, Document 21 for the reasons

7       stated in the government's response brief."

8               Okay, at that time I'm sure that's the correct

9       ruling, but now it's not.

10              THE COURT:  What's the situation?

11              MR. BRICHLER:  I don't understand the content

12      of the ruling.  I don't remember the context of what

13      the motion was, but my guess is that the motion had

14      to do with whether or not I was going to attempt to

15      introduce 404(b) evidence in my case in chief and my

16      response would be, we don't intend to rely on 404(b)

17      at all, that any --

18              THE COURT:  What is he talking about

19      co-conspirators to me?

20              MR. BRICHLER:  I don't understand what context

21      this is in.

22              MR. BISHOP:  I submit to you that the order

23      speaks for itself and you said in your order, "In

24      addition, the government does not intend to use

```
 1          statements made by co-conspirators under Rule

 2          801(d)(2)(E)."  I don't know where 404 came from

 3          here, but that's what it says.  And what I'm saying

 4          to you, sir, I feel the defense's position is

 5          compromised because --

 6               THE COURT:  Well, I tell you what.  If you feel

 7          that way, let this witness stand off the stand and he

 8          will give you the material tonight and you can review

 9          it and prepare accordingly, and if you need a

10          continuance of the trial because of this, I will

11          consider that tomorrow.

12               MR. BISHOP:  Thank you, Judge.

13               THE COURT:  I don't think frankly --

14               MR. BRICHLER:  It doesn't make sense.

15               THE COURT:  And as it's been said from the

16          beginning, this is a conspirator case and there's

17          going to be testimony from the co-conspirators that

18          have pled guilty in this case.  You should not be

19          surprised by that, I don't think.

20               MR. BISHOP:  No, sir.

21               THE COURT:  I don't know what statements he

22          gave to you other than the Jencks Act material and he

23          has furnished you with the Jencks Act material.

24               MR. BISHOP:  On this witness only.
```

1          THE COURT:  Are you going to have any other

2      witnesses?

3          MR. BRICHLER:  I'm going to comply with the

4      law, Judge, as best I see at the time.

5          THE COURT:  You furnished the Jencks Act

6      material.  Are there any other co-conspirators that

7      are going to testify?

8          MR. BRICHLER:  I said in my opening statement

9      that I would call Lashon --

10         THE COURT:  I'm asking for the record now.

11         MR. BRICHLER:  Okay.  I will call Lashon

12     Patterson and I will call Robert Addison, both of

13     them.

14         THE COURT:  Okay.  Have you got any Jencks Act

15     material.

16         MR. BRICHLER:  I do.

17         THE COURT:  Has he seen them?

18         MR. BRICHLER:  I'm not prepared to give it out

19     yet.

20         THE COURT:  Well, call your next witness and we

21     will excuse this lady from the witness stand until he

22     has a chance to review it, so he won't be prejudiced

23     and you can recall her.  But at this time you can

24     call somebody else.

1          MR. BRICHLER:  Judge, I would like to have time

2     to look at the motion.

3          THE COURT:  All right.  You've got this evening

4     to do that.

5          MR. BRICHLER:  Yeah.  I don't know what that is

6     all about.  I don't understand that.  There is no way

7     we would ever in a conspiracy case represent to the

8     Court that I would not use conspiracy.

9          THE COURT:  Well, I must have picked up

10    something you said in our order.

11         MR. BRICHLER:  Okay.

12         MR. BISHOP:  Thank you, Your Honor.

13         THE COURT:  I'm going to excuse this witness

14    from the stand.  Have you got somebody else ready?

15         MR. BRICHLER:  Yes.

16 CONCLUSION OF SIDEBAR CONFERENCE.

17         THE COURT:  I'm going to excuse you from the

18    witness stand this afternoon and I would like for you

19    to be available tomorrow morning.  Would you -- is

20    that convenient for you?

21         THE WITNESS:  Yes, sir.

22         THE COURT:  All right.  You're excused.  Call

23    your other witness, please.

24         MR. SPRINGER:  The government calls --

1            The second question will be, what's it about.

2       And as soon as -- if you answer that question, you're

3       going to get into a conversation that you're not

4       supposed to be in, in talking about this case, which

5       you're not supposed to talk about with anybody, or

6       even really think about too much, until you go up in

7       the jury room to begin deliberations. And now you

8       all understand why. So be very careful about that.

9       Don't talk about the case. Don't let anybody talk

10      about it in your presence, or try and draw you out,

11      with all their experiences that they had on juries

12      and criminal cases, and other situations. You can

13      see how that might not be of any value to you, but

14      may confuse you. And I hope you have a pleasant

15      evening. We will see you tomorrow morning at 8:00.

16      Continue to keep an open mind. Thank you.

17            THE DEPUTY CLERK: All rise for the jury. Are

18      we starting at 8:00 in the morning or 9:00?

19            THE COURT: Did I say 8:00? I meant 9:00.

20            (At 4:31, the jury left the courtroom.)

21            MR. BRICHLER: May I have one moment? This is

22      about the sidebar question that we had before.

23            THE COURT: All right.

24            MR. BRICHLER: I had filed a response in

1    connection with Mr. Bishop's motion for those -- to

2    produce evidence.  I provided him with discovery with

3    all the items that we were going to use in our case

4    in chief, in my response, I state that.  And then it

5    goes on to say that it does -- does intend to use

6    statements made by co-conspirators under Rule

7    801(d)(2)(E) of the Federal Rules of Evidence as part

8    of the conspiracy.

9         So, to the extent that the order reflects that

10    the government stated otherwise --

11         THE COURT:  That sounds like the order is in

12    error then, sorry.

13         MR. BRICHLER:  That's correct.  I just wanted

14    to make that clear.

15         THE COURT:  If Mr. Bishop was misled by that,

16    it was my fault, and I will give you the time this

17    evening to -- whatever you want to do, to get the

18    information you need, so that you can prepare.  Do

19    you need any further time?

20         MR. BISHOP:  No, Your Honor, I will be ready in

21    the morning.

22         THE COURT:  All right.

23         MR. BISHOP:  Since the Jencks Act material has

24    been provided.

1        THE COURT:  I appreciate your calling my

2    attention to it and I'm sorry for the error on behalf

3    of the Court.

4        MR. BISHOP:  Under what circumstances might I

5    obtain the Jencks Act material for Lashon Patterson?

6        THE COURT:  Are you familiar with the statute?

7        MR. BISHOP:  Yes, sir.

8        THE COURT:  Years ago, my colleague across the

9    river, Judge Bertelsman, who was very, very that

10   opinion about the wisdom of requiring the United

11   States Attorneys to furnish the Jencks Act material a

12   good deal before the trial of the case, because it

13   would save so much time on the part of the court, the

14   jury, and everybody else if the defense counsel had

15   an opportunity to review all that material ahead of

16   time.

17       Well, I must say after that opinion was

18   reversed by the Sixth Circuit Court of Appeals in a

19   very short, strict fashion.  The statute is very

20   clear.  So it's pretty much up to the good graces of

21   the U.S. Attorney's office as to when they turn that

22   over.

23       And it's always been my experience, Mr.

24   Brichler, in the cases I have handled, that

1    generally, currently, the Jencks Act is turned over

2    the morning of the trial, at least no later than the

3    morning of the trial so that the defense counsel can

4    be prepared.

5         MR. BRICHLER:  Your Honor, I will do my level

6    best to keep the trial moving.  We're talking about

7    the statute --

8         THE COURT:  All I can do is hope that you will

9    try to accommodate Mr. Bishop so he can be prepared,

10   and we don't have to stop at the conclusion of direct

11   examination for him to spend a half day reading a lot

12   of the material before he starts his cross-

13   examination.

14        MR. BRICHLER:  I understand that, Your Honor,

15   but you know the reason for the statute was initially

16   because the government was losing witnesses --

17        THE COURT:  Right.

18        MR. BRICHLER:  -- before trial, and there were

19   threats being made of witnesses.

20        THE COURT:  This Court does not reflect on Mr.

21   Bishop, but other people.

22        MR. BRICHLER:  No, it doesn't, but I must say

23   that I have already had one witness in this case

24   indicate that threats have been made and I'm going to

1    do it when I think it's appropriate.

2              THE COURT:  Does Mr. Bishop know about this?

3              MR. BRICHLER:  No, he doesn't.

4              THE COURT:  Well, that's something you all can

5    take out of the hearing of the Court, but I have to

6    rely on the U.S. Attorney's good judgment on this.

7    Mr. Bishop, you can understand why.

8              MR. BISHOP:  Yes, Your Honor, I do appreciate

9    your help.  Thank you.

10              THE CLERK:  All rise.              (4:35 p.m.)

11                        -  -  -

12         JURY TRIAL CONTINUED IN PROGRESS UNTIL

13       WEDNESDAY, NOVEMBER 14, 2001 AT 9:00 A.M.

14                        -  -  -

15

16

17

18

19

20

21

22

23

24

1              UNITED STATES DISTRICT COURT

2               SOUTHERN DISTRICT OF OHIO

3                  WESTERN DIVISION

4                     - - -

5   UNITED STATES OF AMERICA,   :   NO. CR-1-01-009-3
                                 :
6              Plaintiff,        :
                                 :   Cincinnati, Ohio
7                                :
      -vs-                       :   Wednesday, November 14, 2001
8                                :
                                 :   TESTIMONY OF ROBERT ADDISON
9                                :       AND LASHON PATTERSON
    ISADORE GENNINGS,            :
10                               :
              Defendant.         :
11                     - - -

12                  EXCERPT OF PROCEEDINGS
        BEFORE THE HONORABLE S. ARTHUR SPIEGEL, JUDGE
13   TRANSCRIPT ORDERED BY:  Robert C. Brichler, Esq. (AUSA)

14   APPEARANCES:

15   For the Plaintiff:        Robert C. Brichler, Esq.
                               Anthony Springer, Esq.
16                             221 East Fourth Street
                               Suite 400
17                             Cincinnati, Ohio   45202

18   For the Defendant:        Alvertis W. Bishop, Jr., Esq.
                               1300 American Building
19                             30 East Central Parkway
                               Cincinnati, Ohio   45202
20   Clerk:                    Vicki Penley

21   Court Reporter:           Connie J. Hueber
                               Ace Reporting Services
22
     Law Clerk:                Jeremy Wilson
23
                                    COPY
24

1          MR. BRICHLER:  The United States calls Robert

2     Addison.

3               THE COURT:  Is someone getting him?

4               MR. BRICHLER:  Yes, Your Honor.

5               THE CLERK:  Please raise your right hand.

6               (The witness was sworn.)

7               THE COURT:  Would you state your full name,

8     please?

9               THE WITNESS:  Robert Addison.

10              THE COURT:  And spell your last name for the

11    court reporter.

12              THE WITNESS:  A-d-d-i-s-o-n.

13              THE COURT:  Thank you, Mr. Addison.  You may

14    proceed, Mr. Brichler.

15              MR. BRICHLER:  Thank you, Your Honor.

16                        ROBERT ADDISON

17    a witness herein, having previously been sworn, testified as

18    follows:

19                      DIRECT EXAMINATION

20    BY MR. BRICHLER:

21         Q.    Good morning.

22         A.    Good morning.

23         Q.    Mr. Addison, where are you from?

24         A.    Cincinnati, Ohio.

```
 1            Q.    The same blue car?

 2            A.    Yes.

 3            Q.    And in point of time reference, how many weeks

 4   or days before you were arrested did this occur?

 5            A.    About two to three weeks.

 6            Q.    All right.

 7            MR. BRICHLER:   Your Honor, I have no further

 8       questions at this time.

 9            THE COURT:   You may cross, Mr. Bishop.

10            MR. BISHOP:   May counsel approach side bar,

11       Your Honor.

12            THE COURT:   Yes.

13   SIDEBAR CONFERENCE

14            MR. BISHOP:   Your Honor, thank you for this.

15       As you know I have just been given the Jencks Act

16       material when --

17            THE COURT:   Did you get it earlier this

18       morning?

19            MR. BISHOP:   No, sir, I got as Mr. Addison took

20       the stand.   Can we take the lunch break, so I can

21       review it, and so I can cross-examine him

22       effectively?

23            THE COURT:   We will take about an hour and half

24       lunch.
```

1  to me it all goes hand in hand.  The only thing I didn't

2  tell was about certain incidents containing him, because I

3  wasn't asked.

4        Q.    All right, sir.  Thank you, Mr. Addison.

5              MR. BISHOP:  No further questions.

6              THE COURT:  Any redirect?

7              MR. BRICHLER:  No, Your Honor.

8              THE COURT:  Thank you, Mr. Addison, you're

9        excused.  Call your next witness please.

10             MR. SPRINGER:  The government calls Lashon

11       Patterson.

12             MR. BISHOP:  Your Honor, in anticipation that

13       Mr. Patterson might be a minute in arriving, could we

14       take this opportunity to approach the side bar?

15             THE COURT:  Yes.

16  SIDEBAR CONFERENCE

17             MR. BISHOP:  I don't know for sure, but I will

18       imagine I'm about to get another package of papers.

19             MR. BRICHLER:  No.

20             MR. BISHOP:  No stuff this time.  Gee, I'm so

21       disappointed.

22             THE COURT:  I want you -- I can understand your

23       method of questioning on cross-examination.  I

24       understand the technique.  I wish you would talk more

```
1    slowly.  It's tough for her and tough for me.  I'm
2    not sure the jury is keeping up with you.
3              MR. BISHOP:  I am bit fast sometimes.
4              THE COURT:  When you start questioning, I
5    expect you to talk slowly, too.  Ferstah -- ferstah,
6    do you understand?
7              MR. SPRINGER:  Yes, sir.
8              MR. BISHOP:  Yes, sir.  I was going to ask if
9    they were going to have another surprise, so that we
10   could take a break at about the time they finish
11   their direct, so I can read it?
12             MR. BRICHLER:  (Shaking head).
13             THE COURT:  Apparently no surprise package.  How
14   long will this witness take?
15             MR. BRICHLER:  Twenty minutes, maybe.
16             MR. BISHOP:  Thank you.  And, again, and I will
17   try my best.
18             THE COURT:  You're doing fine, but I have my
19   problems and I think you have got to be careful,
20   because the jury is probably not used to hearing your
21   voice, or your voice, or the way you question, and so
22   I think it's got to be a little more slow in
23   speaking, and with the microphone amplification,
24   there's an echo, that's the reason I ask that.
```

1    THE COURT:  Jerry who?

2        MR. BISHOP:  Hennessey and he was Mr. Gennings'

3    boss at work during the period of time this took

4    place.

5        THE COURT:  Uh-huh.  You're talking about his

6    reputation, do you mean, as a good worker?

7        MR. BISHOP:  I have reputation witnesses as

8    well.  No, what I intend to establish with Mr.

9    Hennessey is when Mr. Gennings was working and his

10   hours and so forth, okay.  If the Court will permit

11   me a moment in order to avoid wasting the jury's

12   time, I'm thinking I could probably call a character

13   witness.

14       THE COURT:  You have someone?

15       MR. BISHOP:  Yes, I have someone here, if we

16   could take a ten-minute break and allow me to get

17   them over here.  They're right down the hall.

18       THE COURT:  Are you going to call the

19   defendant?

20       MR. BISHOP:  I will not, unless he forces me

21   to.

22       THE COURT:  Have you made up your mind -- maybe

23   I should take this time now, I should explain to him

24   his right to testify, his right not to testify and

```
 1         that he is under no obligation.  I think that will

 2         protect you and protect the record by doing that at

 3         this point.  Should I excuse the jury for ten minutes

 4         and ask them for a break and we will take that up

 5         during the break, and you can take a few minutes, and

 6         we can get started by the time the character witness

 7         and the other person should be here.

 8              MR. BISHOP:  Yes, sir.

 9              THE COURT:  How long do you think this will

10         take?

11              MR. BISHOP:  I expect to do with everything I

12         need to do by noon, at least.

13              THE COURT:  Okay, thank you.

14   CONCLUSION OF SIDEBAR CONFERENCE.

15              THE COURT:  We will take a break at this time.

16         Please remember don't talk about this case or let

17         anybody talk about it in your presence.  Continue to

18         keep an open mind, and when you come back, we will

19         proceed with the testimony on behalf of the defense.

20              Counsel will remain, please.

21              THE COURT:  I should tell you that there are

22         menus upstairs from Frisch's, so you can order your

23         lunch on the government.  The idea being that

24         hopefully we will finish testimony by the latter part
```

1    defense has no burden at all to present any evidence.

2    The fact that you don't testify cannot be held

3    against you.   It cannot be communicated to the jury

4    as a reason for considering your guilt or your

5    innocence.

6         I'm advised by counsel that you do not plan to

7    take the stand, and I want to make sure that you

8    understand, you have the right to testify if you want

9    to or decide that you don't want to testify, and I

10   suggest that you follow the advice of your lawyer,

11   because he's here to protect your interests, but I

12   want to make sure you understand those rights?

13        THE DEFENDANT:   Could I say something to you

14   first, Your Honor?

15        THE COURT:   You do.   So whatever you do, you

16   will be doing on your own volition and on the advice

17   of your lawyer with regard to testifying.

18        (Defendant's Counsel conferred privately.)

19        THE DEFENDANT:   First of all, Your Honor, I

20   would like to say --

21        THE COURT:   I'm sorry can't hear you.

22        THE DEFENDANT:   First of all, Your Honor, I

23   would like to say thank you, because four months ago

24   I wrote you a letter in regards to this case right

1          here.   Certain things were said to me in a plea

2          agreement.   I was forced to say things that I did not

3          mean, but because I didn't cooperate and say further

4          things that I did not say or mean, it incriminated me

5          more, so I just wanted to thank you for giving me the

6          chance to mention my plea of guilty to innocent, and,

7          no, I do not want to testify.

8                    THE COURT:   Okay.   Now, if you do testify, the

9          government can provide rebuttal testimony to your

10         testimony you understand, so if you don't testify,

11         then they won't have the opportunity to.   Is that

12         correct, counsel for the government?

13                   MR. BRICHLER:   That's correct.

14                   MR. BISHOP:   Thank you, Your Honor.

15                   THE COURT:   We will be in recess until quarter

16         after 10:00.

17                   MR. BRICHLER:   Can we take just a couple

18         minutes and go through these exhibits real fast?

19                   THE COURT:   Sure.

20                   MR. BRICHLER:   We have been kind of keeping

21         track.   I think it might be easier if the government

22         moves to admit Exhibits 1 through 20 on our list,

23         some of which have already been admitted, and

24         according to my records, but I'm re-offering all



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Case No. CR-1-01-009-3 |
| | : | |
| | : | (Spiegel, J.) |
| VS. | : | |
| | : | |
| | : | **PLEA AGREEMENT** |
| ISADORE GENNINGS | : | |

- - - - - - - - - - - -

It is hereby agreed between Isadore Gennings, individually,
and through his attorney, Alvertis W. Bishop, and the United States
of America, by and through Robert C. Brichler, Assistant United
States Attorney for the Southern District of Ohio, as follows:

1. The defendant shall enter a plea of guilty to Count 1 of
the Indictment filed against him charging him with conspiracy to
distribute cocaine in violation of 21 U.S.C. §846.

2. The defendant understands that the punishment prescribed
by law for the offense charged in Count 1 of the Indictment is a
mandatory minimum of 10 years to life in prison, a fine of up to
$4,000,000.00, a five year term of supervised release, and a
$100.00 special assessment.

3. In return for said plea of guilty and contingent upon the
defendant's admission of guilt, the United States Attorney for the
Southern District of Ohio agrees not to charge this defendant with
any other narcotics or money laundering offenses committed prior to
this Plea Agreement and disclosed to the government.

1

4.    The government agrees to recommend to the court that the base offense level for purposes of the federal sentencing guidelines is level 32. This recommendation is based upon what the government believes the readily provable facts would establish absent the defendant's cooperation. The government will recommend that the defendant be given a 3 point adjustment for acceptance of responsibility and a four point adjustment for minimal role in the offense.

5.    The government agrees to file, upon the defendant's substantial assistance, a motion with the court for a downward departure from the guideline sentence, stating that the defendant has made a good faith effort to provide substantial assistance in the investigation and prosecution of other persons who have committed offenses. The filing of such motion shall be in the sole discretion of the United States Attorney for the Southern District of Ohio. If such a motion is filed, the defendant understands that it is not binding on the court. Such a motion is authorized by § 5K1.1 of the Sentencing Guidelines and 18 U.S.C. § 3553(e). If such motion is filed it will be in reliance on the defendant's continued cooperation. If the defendant should later refuse to testify the government may, at the governments' option, petition the court to set aside the defendant's sentence and sentence him without a downward departure or seek to set aside the defendant's plea and reinstate the Indictment.

6.    The defendant understands that the Probation Department will conduct a pre-sentence investigation and will recommend to the Court a sentencing guideline range. The defendant understands that the Probation Department's recommendations are not binding on the Court and the terms of this Plea Agreement are not binding upon the Court or Probation Department. The defendant understands that if the court does not follow the recommendations contained in this plea agreement he does not have the right to withdraw his plea of guilty.

7.    The defendant understands that there is no agreement concerning his ultimate sentence. The defendant could receive the maximum penalty provided by law.

8.    Prior to or at the time of sentencing, the defendant will pay to the United States Department of Justice, a special assessment in the amount of $100.00, as required by Title 18, United States Code, Section 3013.

9.    This is the entire Plea Agreement. There are no other provisions or understandings.

                              SHARON J. ZEALEY
                              United States Attorney

_____          _____
     Date                     ROBERT C. BRICHLER
                              Assistant U.S. Attorney

3

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### U.S. Probation Office

**David E. Miller**
Chief U.S. Probation Officer

Joseph P. Kinneary U.S. Courthouse
85 Marconi Boulevard, Room 546
Columbus, Ohio 43215-2398
Phone 614-719-3100
Fax 614-469-2579

Reply To Cincinnati office



110 Potter Stewart U.S. Courthouse
100 East Fifth Street
Cincinnati, Ohio 45202-3980
Phone 513-564-7575
Fax 513-564-7587

702 Federal Building
200 West Second Street
Dayton, Ohio 45402-1411
Phone 937-512-1450
Fax 937-225-2755

February 27, 2002

Alvertis W. Bishop, Jr., Esq.
Suite 1300
30 East Central Parkway
Cincinnati, Ohio   45202
(513) 241-2025

RE:   Gennings, Isadore
       Final Presentence Investigation Report

Dear Mr. Bishop,

Attached are the changes made to the Initial Presentence Report for Mr. Gennings, and the Addendum. As noted in our telephone conversation earlier today, I have added some new paragraphs to the Offense Conduct section, and I gave Mr. Gennings a two level reduction for having played a minor role, rather than a four level minimal role reduction. I have circled the paragraphs that have either been added or changed.

The official Final PSI will be mailed to you February 28, 2002. If you have any questions or comments, I may be reached at 513-564-7564.

Sincerely,

Thomas A. Barbeau
United States Probation Officer

cc:   Robert C. Brichler, Esq.
       Assistant United States Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

RECEIVED

JUL 2 6 2001

FILED
KENNETH J. MURPHY
CLERK

01 JUL 26 PM 12: 31

U.S. DISTRICT COURT
SOUTHERN DIST OHIO
WEST DIV CINCINNATI

UNITED STATES OF AMERICA,     :     NO. CR-1-01-009-3
                              :
          Plaintiff,          :
                              :
     v.                       :     **ORDER**
                              :
                              :
ISADORE GENNINGS,             :
                              :
          Defendant.          :

Judge __4812__
Mag. _____
Journal _____
Issue __CMTC USM__
__USP PTS__
Docketed __(JW)__

          This matter is before the Court on Defendant Isadore
Genning's Motion for Leave to Withdraw Plea of Guilty (doc. 56) and
the Government's Response (doc. 59).

          Defendant plead guilty to one count of conspiracy to
distribute in excess of five kilograms of cocaine in violation of
21 U.S.C. §§ 841 & 846. On June 25, 2001, Defendant filed a Motion
for Leave to Withdraw his plea of guilty. The Government filed a
Response on June 28, 2001.

          In his Motion, Defendant notes that he has maintained
from the outset of this case that he was unaware of the criminal
enterprise in which the principal co-defendants were engaged (doc.
56). According to Defendant, he was informed variously by his
attorney and pretrial services that the potential penalty for the
crime of which he was accused was life in prison (Id.). Defendant
contends that his fear of serving a life sentence caused him to
conclude that a negotiated plea and reduced sentence was preferable
to maintaining his innocence and going to trial (doc. 56).

69

Furthermore, Defendant contends that he is innocent of the crimes for which he is charged.

The Government opposes this Motion (doc. 59). In their Motion, the Government contends that Defendant merely made a strategic choice which he now regrets (Id.). The Government contends that Defendant is no stranger to the criminal justice system and that he made his plea knowingly and willingly (Id.). The Government maintains that the record from the Rule 11 plea hearing makes it clear that the Defendant was not under duress when he offered his plea and admitted his guilt (Id.). Finally, the Government contends that Defendant has admitted his guilt in a proffer signed February 5, 2001 (Id.).

This issue is governed by Rule 32(e) of the Federal Rules of Criminal Procedure. Rule 32(e) provides:

> If a motion to withdraw a plea of guilty or nolo contendere is made before sentence is imposed, the court may permit the plea to be withdrawn if the defendant shows any fair and just reason. At any later time, a plea may be set aside only on direct appeal or by motion under 28 U.S.C. § 2255.

Fed. R. Crim. P. 32(e). It is well settled that permission to withdraw a guilty plea prior to sentencing is not a right, but is a matter within the broad discretion of the District Court. United States v. Goldberg, 862 F.2d 101, 103 (6th Cir. 1988).

The Sixth Circuit Court of Appeals has developed a seven-part test for use by district courts in evaluating whether a defendant has established a "fair and just" reason to withdraw his guilty plea. United States v. Bashara, 27 F.3d 1174, 1180-81 (6th

2

Cir. 1994). This test considers the following seven factors: 1) the length of time between the entry of the guilty plea and the filing of the motion to withdraw it; 2) reasons why the grounds for withdrawal were not presented to the court earlier; 3) whether the defendant has maintained his innocence during plea bargaining and at the time of his plea; 4) the circumstances of the entry of the plea; 5) the nature and background of the defendant; 6) the degree to which the defendant has had prior experience with the criminal justice system; 7) potential prejudice to the government if the motion is granted. Id.

The policy behind Rule 32(e) "is to allow a hastily entered plea made with unsure heart and confused mind to be undone, not to allow a defendant to make a tactical decision to enter a plea, wait several weeks, and then obtain a withdrawal if he believes that he made a bad choice in pleading guilty." United States v. Alexander, 948 F.2d 1002 (6th Cir. 1991).

Reviewing these factors, the Court concludes that on the whole, the factors listed above lean in favor of allowing a withdrawal of plea. Defendant did wait approximately ten weeks after changing his plea to guilty before filing the current Motion and has not offered a reason for not bringing this Motion to the Court sooner. Defendant has, however, maintained his innocence both before and after his plea of guilty, although he did acknowledge guilt at the change of plea hearing. Defendant maintains that his fear of going to prison for life influenced his decision and clouded his judgment. Furthermore, the nature and

3

background of Defendant suggest that he has been a fairly stable citizen.   Defendant's Pre-Sentence Report indicates that he has worked with the same supervisor at both Tire Discounters and Michel Tire Company and that his supervisor described him as "very dependable and loyal."  Defendant contends that he currently works at two jobs.

Aside from a single arrest in Illinois in 1994, more than 7 years ago, Defendant does not appear to have an extensive criminal record.   The Court does not agree with the Government's contention that "defendant's familiarity with the criminal justice system leads one to believe his plea was knowing, voluntary, not coerced, and not subject to withdrawal."  The Court only has a record of a single criminal conviction over seven years ago.   The Court has no record of whether or not Defendant plead guilty to that offense or was convicted by a jury.  The Court also does not have any information regarding whether Defendant was represented by an attorney in that case.  Accordingly, the Court is not able to say that this conviction educated Defendant as to the intricacies of the criminal justice system.  Finally, the Court concludes that granting Defendant's Motion would not be prejudicial to the Government.   The Court concludes, therefore, that on the whole these factors operate in favor of granting Defendant's Motion.

Having reviewed this matter, the Court concludes that the interests of justice demand that Defendant get a chance to present his case to a jury.  Upon reviewing Defendant's statements, the Court has determined that Defendant has been consistent in his

4

explanation of the events leading to his arrest.   Finally, the
Court  has  determined  that  the  policy  of  Rule  32(e)  to  allow
withdrawal of "plea[s] made with unsure heart and confused mind"
operates  in  favor  of  allowing  Defendant  to  withdraw  his  plea.
Therefore,  Defendant  has  presented  "fair  and  just"  reasons  for
granting  his  Motion.    Accordingly,  the  Court  hereby  GRANTS
Defendant's Motion to Withdraw Plea (doc. 56).  This case is hereby
SCHEDULED for arraignment on July 31, 2001 at 10:00 A.M.

      SO ORDERED.

Date: 7/2?/0'

S. Arthur Spiegel
United States Senior District Judge

5