```
            UNITED STATES DISTRICT COURT
             SOUTHERN DISTRICT OF OHIO
                  WESTERN DIVISION
```

ISADORE GENNINGS,               :    C-1-07-0272
                                :    CR-1-01-009-3
    Petitioner,               :
                                :    **UNITED STATES' RESPONSE TO**
                                :    **PETITIONER'S MOTION UNDER**
        v.                    :    **28 U.S.C. § 2255 TO VACATE,**
                                :    **SET ASIDE OR CORRECT**
                                :    **SENTENCE**
UNITED STATES OF AMERICA,       :
                                :
    Respondent.               :    Senior Judge Spiegel

- - - - - - - - - - - - - - - - - - - -

On April 4, 2007, petitioner filed a motion to vacate pursuant to 28 U.S.C. § 2255. This Court issued an Order dated April 6, 2007 requiring the United States to answer the petitioner's motion within twenty days. Our response follows.

### Cause Of Petitioner's Detention

On January 30, 2001, the petitioner, Isadore Gennings, was charged by complaint with conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846. The federal grand jury returned an indictment on February 7, 2001 charging Gennings and co-defendants Addison, Lundy, and Barney with conspiracy to distribute and possess with intent to distribute in excess of five kilograms of cocaine, in violation of 21 U.S.C. § 846 (Doc. 9). On April 6, 2001, Gennings entered a plea of guilty to conspiracy. Gennings filed a motion for leave to

withdraw his guilty plea on June 25, 2001 (Doc. 56).  After a hearing on the motion, the Court, on July 26, 2001, granted Gennings' motion and reinstated his not guilty plea (Doc. 69).

On August 8, 2001, a superseding indictment was filed, naming Gennings and two additional co-defendants, Anderson and Patterson (Doc. 76).  Gennings filed a motion to suppress the evidence (ten kilograms of cocaine).  On October 2, 2001, a hearing was held on this motion, and it was denied by Order dated October 31, 2001 (Doc. 109).  All of the co-defendants, except Anderson who was a fugitive, pleaded guilty, and a jury trial for Gennings commenced on November 13, 2001.  Gennings was found guilty on all three counts in which he was named on November 16, 2001.  A sentencing hearing was held on March 14, 2002 (Doc. 167), and on March 19, 2002, a judgment and commitment order was filed sentencing Gennings to 240 months imprisonment[1] (Doc. 149).  A notice of appeal was filed March 19, 2002 (Doc. 150).

On appeal, Gennings argued that the District Court committed error: (1) by failing to consider if he was eligible for the "safety valve" provision of § 5C1.2 of the United States Sentencing Guidelines; (2) by allowing the parties to agree to submit the written jury instructions as the record of the

---

[1] The mandatory minimum sentence in this case was ten years. Gennings' sentence was enhanced to a twenty year mandatory minimum because of a prior felony drug conviction.  21 U.S.C. § 851.

instructions instead of having the court reporter transcribe the instructions while they were given; and (3) the Court erred in denying his motion to suppress.

The Sixth Circuit Court of Appeals affirmed his conviction but remanded the case for resentencing, ordering the District Court to consider whether Gennings qualified for the "safety valve". United States v. Gennings, 95 Fed. Appx. 795 (6th Cir. 2004) (Doc. 184).

The District Court on remand conducted a hearing and found that Gennings did not qualify for the "safety valve" and resentenced him to 240 months.  Gennings appealed the new sentence, and on May 4, 2006, the Court of Appeals affirmed the new sentence.  In its Order, the Court of Appeals found that the District Court's finding that Gennings did not qualify for the safety valve was proper and that his sentence was properly enhanced pursuant to 21 U.S.C. § 851 because of his prior felony drug conviction (Doc. 208).

### **Petitioner's § 2255 Motion**

Petitioner asserts eight separate grounds for relief in his § 2255 motion, most alleging that his attorney was ineffective by failing to raise certain issues.  Each will be addressed after a general discussion of waiver issues and what constitutes ineffective assistance of counsel.

## Waiver

Record-based claims that could have been, but were not, raised on direct appeal may not be reviewed in a § 2255 proceeding unless the petitioner demonstrates cause for and prejudice from his failure to present them on appeal. United States v. Frady, 456 U.S. 152, 167-168 (1982); Ratliff v. United States, 999 F.2d 1023, 1025 (6th Cir. 1993). This case has been to the Court of Appeals two times on direct appeal, and almost every issue he raises, he raises now for the first time. In this petition, in an attempt to defeat the waiver of these issues, the petitioner alleges ineffective assistance of counsel as "cause" for his failure to assert his numerous grounds for relief at trial and on appeal. Unless a claim alleges a lack of jurisdiction or constitutional error, the scope of collateral review has remained limited. United States v. Addonizio, 442 U.S. 178, 184-187 (1979). The petitioner has not demonstrated cause or that he was "actually prejudiced" by the fact that these issues were never raised on direct appeal. See Frady, 456 U.S. at 170. Accordingly, petitioner has waived all of the arguments not raised on direct appeal.

## Ineffective Assistance

An error of law does not provide a basis for collateral attack unless the claimed error constituted "a fundamental defect

which inherently results in a complete miscarriage of justice." Hill v. United States, 368 U.S. 424, 428 (1962).

In Strickland v. Washington, 466 U.S. 668 (1984), the Supreme Court articulated a two-part test that a defendant must satisfy to establish his counsel's assistance was so deficient as to amount to a constitutional violation requiring reversal of the conviction or sentence. In order to prevail on an ineffective assistance of counsel claim, petitioner must demonstrate: (1) his counsel made such serious errors that he was not functioning as the "counsel" guaranteed by the Sixth Amendment; and (2) his counsel's deficient performance prejudiced the defense by undermining the reliability of the trial result. Strickland, 466 U.S. at 687.

Under the first prong of the Strickland test, petitioner must demonstrate that his counsel's representation fell below an objective standard of reasonableness based on all the circumstances surrounding the case. See id. at 688. Judicial scrutiny of counsel's performance must be highly deferential, and a "fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight" and to evaluate the challenged conduct from counsel's perspective at the time of the conduct. Id. at 689. In determining whether or not counsel's performance was deficient, the court must

indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance.  See id.

Under the second "prejudice" prong of the Strickland test, the focus is on whether counsel's deficient performance affected the outcome of the plea process or sentencing proceeding.  In the context of the plea proceedings, petitioner must show that a "reasonable probability" exists that, but for his counsel's errors, he would not have entered a guilty plea and would have insisted on going to trial.  See Hill v. Lockhart, 474 U.S. 52, 59 (1985); Sparks v. Sowders, 852 F.2d 882, 883 (6th Cir. 1988). In the context of the sentencing proceeding, petitioner must show that a "reasonable probability" exists that, but for his counsel's errors, the result of the proceeding would have been different.  Cf. Strickland, 466 U.S. at 694.

### Petitioner's Claims

**1.  Petitioner asserts that he should be resentenced pursuant to Booker v. United States.**

This claim is without merit.  The petitioner received the statutory minimum sentence in this case.  A Booker remand could not benefit the petitioner because the Court, by statute, cannot sentence him to less than twenty years.

> **2.  Counsel rendered ineffective counsel in failing to object and assert the Government committed retaliatory and vindictive prosecution against the petitioner for withdrawing his guilty plea by filing a superseding indictment and a 21 U.S.C. § 851 enhancement.**

Petitioner was indicted on February 7, 2001 with co-defendants Addison, Lundy, and Barney.  Initially all defendants, including petitioner, pleaded guilty.  It was later, after the presentence report was prepared, that petitioner moved to withdraw his plea of guilty.  In the meantime, the government continued to investigate the case and obtained proof against the suppliers of the cocaine that the petitioner was transporting.  It was then that the government superseded the indictment and added co-defendants Anderson and Patterson to the conspiracy charge and charged petitioner and the co-defendants with substantive counts that were a part of the conspiracy alleged.  The time frame of the conspiracy was also enlarged.  The prosecution does not violate a defendant's due process rights when it carries out a threat to have a defendant re-indicted on more serious charges on which he was subject to prosecution if he does not plead guilty to the original offense. Bordenkircher v. Hayes, 434 U.S. 357 (1978).  In the "give-and-take" of plea bargaining, there is no such element of punishment or retaliation so long as the accused is free to accept or reject the prosecution's offer. Bordenkircher, supra at 363.  It is not

disputed that petitioner was properly chargeable with the offenses in the superseding indictment.  Nor can it be said that he was not properly subject to the enhancement for a prior felony drug conviction set out in 21 U.S.C. § 851.  The argument lacks merit.

      **3.    Counsel was ineffective for advising petitioner to withdraw guilty plea when he knew his co-defendant was actually arrested before him and would testify against him.**

This argument is clearly without merit.  The Court conducted a thorough hearing on the petitioner's motion to withdraw his plea.  At that hearing, the petitioner clearly stated that he was not guilty of the offense (Doc. 93, p. 6).  He testified that he did not know the drugs were in the car (Doc. 93, p. 7).  In light of petitioner's testimony, counsel had no choice but to assist him in the successful attempt to withdraw his plea (Doc. 93, p. 21).  All of petitioner's co-defendants (with the exception of fugitive Anderson) had pleaded guilty and were available to testify.  Whether counsel for petitioner knew which of them would testify is irrelevant.  The Federal Rules of Criminal Procedure Rule 16 and the Jencks Act, 18 U.S.C. § 3500, do not require the United States to disclose a witness or his prior testimony or statements until after the witness has testified on direct.  Counsel was not ineffective.

> **4.  Petitioner's co-defendant was arrested prior
>     to petitioner and therefore the Government
>     committed <u>Brady</u> violations.**

<u>Brady</u> and the timing provisions of the Jencks Act, 18 U.S.C. § 3500, are compatible as a matter of law. <u>United States v. Presser</u>, 844 F.2d 1275 (6th Cir. 1988). The United States was under no obligation to inform the petitioner of who would be a witness at his trial or to reveal the subject matter of a witness' testimony prior to trial. This claim is without merit.

> **5.  Counsel's ineffectiveness caused petitioner
>     to be prejudiced by the loss of three levels
>     for acceptance of responsibility and four
>     levels for minor role in the offense.**

This argument has no credibility. It was the petitioner's own denial of guilt that caused him to lose three levels for acceptance of responsibility. It was the testimony at trial that petitioner had been involved in the previous transportation and sale of cocaine that made him ineligible for a reduction for his role in the offense. In any event, petitioner endured no prejudice because he received the mandatory minimum sentence available.

> **6.  Since petitioner's co-defendant was arrested
>     three days prior to petitioner, the stop and
>     search were predisposed.**

This argument lacks merit. First of all, it is being raised for the first time in a § 2255 proceeding and has therefore been waived. Secondly, there is nothing in the record to suggest any

motive for the petitioner's arrest other than what was developed during the suppression hearing and at trial. Petitioner's theories are nothing more than musings.

> **7.  The cumulative effects of these errors represent ineffective assistance of counsel and the denial of effective assistance on direct appeal.**

Petitioner has not made a showing that counsel was ineffective. Petitioner must show that a "reasonable probability" exists that, but for his counsel's errors, the result of the proceeding would have been different. Strickland, supra at 694. None of counsel's alleged errors meet this standard.

> **8.  Ineffective counsel for failing to object to improper § 851 filing.**

This last issue is also without merit. Petitioner asserts that his attorney was ineffective for failing to object to an improper § 851 filing. Petitioner himself admitted under oath at the motion to withdraw his plea hearing that he had the prior felony drug conviction (Doc. 93, p. 14). At petitioner's first sentencing hearing, his attorney was asked about the prior conviction and he stated, " . . . I didn't say that he [petitioner] was never convicted in Cook County." (Doc. 167, p. 5). In fact, the Sixth Circuit Court of Appeals in its Order of May 4, 2006 found that petitioner did not dispute the fact of conviction (Doc. 208). Since petitioner failed to object to the

fact of the prior conviction, this issue is waived on collateral review.

In any event, this issue would fail on the merits. Where a defendant fails to object to the fact of conviction in a § 851 information or colloquy in the District Court, the appeals court would review the issue for plain error. <u>United States v. Clay</u>, 346 F.3d 173, 178-179 (6th Cir. 2003). The trial court's failure to conduct a § 851(b) colloquy permitting petitioner to challenge the validity of his prior conviction was not error under any standard. Subsection 851(e) precludes a defendant from challenging the validity of any conviction that is more than five years old at the time of notice issued pursuant to § 851(a). The prior conviction at issue was entered on September 26, 1991, and the government filed and served its § 851 notice on August 24, 2001, more than five years later. Requiring the trial court to conduct a colloquy under these circumstances would be "elevating form over substance," contrary to the purposes of § 851. <u>See</u> <u>United States v. King</u>, 127 F.3d 483, 489 (6th Cir. 1997) and <u>United States v. West</u>, 130 Fed. Appx. 753 (6th Cir. 2005).

### <u>Conclusion</u>

Petitioner has attempted to raise here in a collateral attack issues that could have been raised previously and have been waived. He does so by asserting his attorneys were ineffective. The record, however, is clear that it was the

petitioner who insisted on withdrawing his original guilty plea by recanting his admission of guilt and proceeding to trial. Nothing in the record shows that his attorney was ineffective at trial. Nor was his attorney ineffective at sentencing by not objecting to the fact of the petitioner's prior felony drug conviction in light of the petitioner's own statements made under oath at a previous hearing wherein he admitted the conviction. Petitioner's motion to vacate should be denied, and the Court should refuse to grant a certificate of appealability.

Respectfully submitted,

GREGORY G. LOCKHART
United States Attorney

s/Robert C. Brichler
ROBERT C. BRICHLER (0017745)
Assistant United States Attorney
221 East Fourth Street
Suite 400
Cincinnati, Ohio  45202
(513) 684-3711
Fax:  (513) 684-2047
Robert.Brichler@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served this 17th day of April, 2007, by regular U.S. Mail on Isadore Gennings, #03394-061, Federal Correctional Institution, P.O. Box 1000, Loretto, PA 15940.

s/Robert C. Brichler
ROBERT C. BRICHLER (0017745)
Assistant United States Attorney