IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

07 MAY 14 PM 4:41

ISADORE GENNINGS
*Petitioner*

C-1-07-0272
CR-1-01-009-3
Senior Judge Spiegal

V

UNITED STATES OF AMERICA
*Respondent*

---

**PETITIONER'S REPLY BRIEF TO GOVERNMENT'S FILED**

**ON OR ABOUT APRIL 17, 2007 PURSUANT TO**

**28 U.S.C. §2255 MOTION**

---

DATE: 5-8- ,2007

Respectfully submitted,

*Isadore Gennings*

Isadore Gennings,
#03394-061
FCI Loretto
P.O. Box 1000
Loretto, PA 15940

## INTRODUCTION

**COMES NOW**, the Petitioner, Isadore Gennings in pro se of counsel and respectfully moves the Court with his response to the Government's answer to his pending Motion pursuant to 28 U.S.C. §2255; filed in the Instant Matter on or about April 17, 2007.

## ARGUMENT

The Petitioner asserted Eight different claims in his §2255 Motion (See initial Brief Page 4). Therein, the Government's response answered. These claims are entirely different than argued and is an obvious attempt to misdirect the Court and/or misconstrue the claims. The Petitioner will demonstrate this misdirection and show with clarity that the Government actually either did not answer the claims or admitted the claims. The Petitioner's first claim is the following:

## CLAIM ONE

Claim One as stated in Petitioner's Brief directed the Court's attention to Docket Entry 204. The Court's Order, of which directed the Petitioner to the fact; if **Booker** is applied to the Federal Sentencing Guidelines, the Court would vacate Petitioner's sentence and impose a 10 year sentence. In light of that fact, the Petitioner moved the Court for *that* to happen.

The Government's Reply Brief does not even come close to answering this claim. It is therefore pursuant to Civil Rule, considered *admitted* by the Government.

This Claim is clear and concise. It is therefore not necessary to reiterate the argument and allow the Court to rule appropriately.

## WAIVER ISSUES

Before the Petitioner addresses Claim Two, he advises the Court that Its waiver assertion is completely baseless and without merit in fact or law.

For instance, the claims asserted by Petitioner could **not** be raised on the First or Second appeal since these claims are in-depth ineffective assistance of counsel claims that **could not** have been raised on direct appeal.

It is an accepted *Black Letter Law* throughout the Circuits that claims pursuant to the Sixth Amendment dealing with ineffective counsel are not to be brought on direct appeal, but the proper remedy is pursuant to §2255, as the district court is better able to assess such claims having witnessed the trial, counsel's demeanor and the like.

From another view, see **Ghano v Holland, 226 F.3d 175-190 (3rd Cir. 2000).** The court has discretion to excuse a default or a change in the law during the course of an appeal; such as in the Supreme Court's interpretation of a statute or sentencing guideline which is an exceptional circumstance justifying consideration of an issue that was neither included in the appellant's opening brief nor raised in the district court.. See **Gambino v Morris, 134 F.3d 156 (3rd Cir. 1998)**

Accordingly, the Government's premise of a waiver is without merit and baseless in law or fact. See also, **United States v Gambino, 788 F.2d 938,** where the Court stated: "It is proper to pursue ineffective counsel claims in a §2255 and *not* on direct appeal." (Emphasis added). This Circuit stated the same in **United States v Shabazz, 263 F.3d 603 (6th Cir. 2001).** Hence, these Claims are properly before this Court.

## DECISIONS THAT HAD A DRAMATIC AFFECT ON PETITIONER'S SENTENCE SINCE THE DIRECT APPEALS

The Supreme Court of the United States considered the constitutionality of the Guidelines in **Mistretta v United States, 488 U.S. 361, 109 S.Ct. 647, 102 L.Ed.2d 714 (1989), Blakely v Washington, 542 U.S. 296, 124 S.Ct. 25, 31 (2004)** and later in **United States v Booker, 125 S.Ct. 738, 160 L.Ed.2d 6221 (2005).** The Fourth Circuit addressed the application of **Booker** under **United States v Hughes, 401 F.3d 540 (4th Cir. 2005).** The holding of **Hughes** advised that the Fourth Circuit would consider the Sentencing guidelines to be unconstitutional as applied, but the Guidelines were relevant and were to be used by the sentencing courts in an advisory capacity. In particular, courts have instructed the sentencing judge to correct procedures by the exclusion of 18 U.S.C. §3553(a) and *erroneously* concluded that a sentence within the appropriate guideline range was appropriate or that it could not depart and/or lacked authority to do so. By reference, the Petitioner also joins with the arguments by the Appellant in **United States v Rita, 177 Fed.Appx 357 (4th Cir. 2006)** [**Rita** is currently on review before the United States Supreme Court in Case No. 06-5754] whereas, the sentence of a defendant should not have been limited by presumptive restraints. Appellant also claims the Court precluded downward adjustment based on the Court wishing to seek a sentence that may have met presumptive appellate approval as in **Rita**.

The Petitioner, however, raises further deficiency: Congress, in establishing the Sentencing Guidelines, listed those factors that would be considered by the Guidelines and should consider these matters only, "To the extent that they do have relevance; (1) age; (2) education; (3) vocational skills; (4) mental and emotional condition to the

extent that such condition mitigates the defendant's culpability or to the extent that such condition is otherwise plainly relevant; (5) physical condition, including drug dependence; (6) previous employment records; (7) family ties and responsibilities; (8) community ties; (9) role in the offense; (10) criminal history; (11) degree of dependence upon criminal activity for livelihood." See 28 U.S.C. §994(d).

These were all factors noted by Congress as issues which should be considered at the time of sentencing and for which the Sentencing Commission was directed to outline some method by which these factors would be taken into account during the course of sentencing review, if relevant. The Sentencing Commission was empowered to detail how and if these factors would be considered.

Subsequent to Congress establishing a list of priorities for the Commission to take into account, and leaving it within the discretion of the Guidelines permission as to how to apply these guidelines, the Guidelines were adopted and issues were determined as to what role they would play within the sentencing method.

Certain factors had a great impact on sentencing (See 28 U.S.C. §994(d)(9) related to the Role in the Offense; (10) Criminal History and how they influence the Sentencing Table, U.S.S.G. §5 Part A) Some factors, considered important and mentioned by Congress, received little or no application by the Guidelines whatsoever. See U.S.S.G. 5K.13, Diminished Capacity (Policy Statement) regarding voluntary use of drugs in comparison to 28 U.S.C. §994(d)(5); Age of the Defendant as set out under U.S.S.G. §5H1.1 (Age Policy Statement), in comparison to 28 U.S.C. §994(d)(1); Acceptance of Responsibility under U.S.S.G. 5K2.0(d)(2), where the Petitioner has otherwise provided information about his involvement or some factor that would create

Less than substantial assistance in comparison to 28 U.S.C. §994(d)(5); Family Ties and Responsibilities under U.S.S.G. §5H1.6 compared to 28 U.S.C. §994(d)(7), which expressly recognizes family ties; U.S.S.G. §5H1.2 Education and Vocational Skills compared to 28 U.S.C. §994(d)(2), expressly considering education; U.S.S.G. 5H1.3 compared to 28 U.S.C. §994(d)(4), mental and emotional condition, which may examine a number of conditions.

These mitigating factors were important enough for Congress to mandate some relevant review in sentencing. Some were recognized by the Presentence Report for the Petitioner.

The Mandates of Congress to consider these factors as having an important bearing on sentencing and to consider findings by the Sentencing Commission, that they should have little or no bearing whatsoever, creates a disjunctive pattern within sentencing. The result is, by application of 18 U.S.C. §3553 in Federal sentencing, the trial court should use the application of the Guidelines in imposing the sentence. Yet, 18 U.S.C. §3553(a) precludes use of those very factors that Congress took into account and stated they have importance to the Guidelines. This means that the sentencing court has possibly precluded those factors in its determination of sentence. Only if the sentencing trial considers factors outside of the Sentencing Guidelines can full mitigation be considered.

Nothing in 18 U.S.C. §3553 tells, or allows the trial judge to disregard previous limitations in the Guidelines or allows them to incrementally adjust the sentence where these factors are relevant. Ultimately however, there is no consideration of these factors at all. Each one of these factors in Petitioner's Case: Age, Drug dependency,

-5-

Mental health, Family Ties, or Acceptance of Responsibility, would have been important for consideration. However, by utilizing 18 U.S.C. §3553 precluding those circumstances that are relevant to the Appellant (although determined by Congress to be important factors in determining sentence), and only utilizing those within the application of the Guidelines under 18 U.S.C. §3553, the Petitioner could not have been afforded Due Process whereas the Trial Court precluded important relevant factors that the Court should take into account and use in sentencing.

Because the Guidelines were previously mandatory, all defendants were precluded from using these factors except as allowed in a limited fashion by the Guidelines themselves. Now, upon the Guidelines being advisory, if the Court uses the Guidelines sentence as applied under 18 U.S.C. §3553, the Court has precluded the opportunity to consider factors that might cause the sentence to be lower than otherwise prescribed by the Guidelines. These factors include: Minor Role, Safety Valve, and other relevant departures.

Considering that the Petitioner was not afforded the lowest sentence within the determined Guideline range, the Sentencing Court may have improperly precluded itself from the options of going below that range and utilizing other factors that should be considered outside the Guidelines and that were otherwise only *advisory* limitations.

The Petitioner contends that each one of those items listed under 28 U.S.C. §994(d) should have had some bearing or consideration by the Sentencing Court. The Petitioner further contends that the Court should have had the option and should have considered the option of going below the guidelines based on factors that the Guidelines previously precluded, but are not only *advisory*. The Court did not consider these options

On the Record and certainly made no findings of fact that it exercised the power to consider factors outside of the Guidelines. Petitioner contends that those factors in 28 U.S.C. §994 should have been taken into account but were excluded by the Trial Court due to exercising use of the Guidelines in determining sentence, as mentioned in 18 U.S.C. §3553(a).

The Court certainly made **its** findings with regard to the application of the Guidelines and how they would be prescribed but there was no mention within the Court sentence as to the application of factors in 28 U.S.C. §994(d) that would have had a bearing in which the Court must offer its consideration separate from the Guidelines, especially when the Guidelines themselves specifically preclude certain factors for consideration.

Since the Court may have automatically considered these factors unavailable for consideration, the Petitioner contends that he is entitled to a hearing in which the Court has annunciated its consideration of factors outside of the Guidelines. The Trial Court should specifically consider those factors of Congress to be taken into consideration and fashion an appropriate punishment prior to entry of sentence. Review of 18 U.S.C. §3553, solely, never empowers the Court to independently consider those factors.

### CLAIM TWO

The Government misconstrues the language as stated in **BordenKircher v Hayes, 434 U.S. 357 (1978)** whereas, the Court stated, (as in the Instant Case) the Government's acts are to be considered "Potently unconstitutional."

The Government has not rebutted its burden that it punished the Petitioner for exercising his right to trial. It is the Government's burden now and it has failed. No new evidence has been presented to demonstrate that the Government acted for no other reason but to punish the Petitioner for exercising his rights. Nothing changed from plea to trial and no new information was discovered during that time.

The presumption of vindictiveness is present. It has not been rebutted. Thus, an evidentiary hearing is necessary to further develop the Record.

## CLAIMS THREE THRU SIX

The Government misses the point with these claims entirely. The Government clearly answers questions not raised by the Petitioner.

The crux of Petitioner's points here is directed at Trial Counsel's failure to understand his discovery material delivered to him by the Government whereas he would have known that the co-conspirators would testify, not necessarily whom or what they would proffer; that is not the point. The point was clearly that Counsel improperly advised his client on how to proceed based upon a critical misreading of the discovery material.

Counsel failed again when he did not know or did not pursue the claim that one of the Petitioner's codefendants was arrested **before** the Petitioner. This clearly shows predisposition by the arresting officer and taints all of his testimony thereafter. The Court should take notice that the Government cleverly avoids answering that question and skirts around it. A review of Petitioner's argument as stated on pages 26-28, the Petitioner reiterates herein. Since the Government did not answer the claim, there is no

need to waste this Honorable Court's time repeating it.

## CLAIM SEVEN

Claim Seven remains intact since the Government never answered the cumulative effect of the errors or answered the claims. Therefore, by default, prejudice can be assumed for lack of rebuttal.

## CLAIM EIGHT

The Government's response to claim Eight has a substantial error in it; The Government tries to shift its burdens pursuant to 21 U.S.C. §851 upon the Petitioner while it jumps over its own obligation. That obligation is the initial service required under §851.

The objection spoken of by the Government pursuant to **Clay, 346 F.3d at 178-179** is not the question at hand. The question here was whether proper Service was made. Then, the objection process comes into play. The Petitioner herein reasserts his point as initially stated:

"The Government will argue that the notice filed is sufficient. See **United States v Belanger, 970 f.2d 416 (7th Cir. 1992),** where the Seventh Circuit held that the filing by the Government of a notice to seek enhanced sentence and the subsequent filing of a pretrial notice of intent to offer evidence of prior felony conviction satisfied the requirements of the statute.

The Eleventh Circuit and others have insisted on strict compliance with the statute

And the filing of a defective notice does not satisfy the statute regardless of a later filing of the priors as part of a discovery response. Second, the Circuit has provided a stricter definition of the information which is required to be filed. It has equated the notice of enhancements to a "formal charge of a criminal offense." **Olson at 851**. Like a formal charge, an otherwise defective notice of enhancement cannot, and should not, be corrected by a discovery response. Third, in **Belanger**, the criminal priors were filed with the Court. In the Instant Case, the criteria of § 851 was not complied with. The plain reading of § 851 clearly states that, "The United States Attorney files an information with the Court...stating in writing the previous convictions to be relied upon." 21 U.S.C. § 851 and advise the Petitioner of his rights.

The fact that the Petitioner may have been aware of the Government's intent to enhance his sentence and his knowledge of a possible prior that the Government intended to rely on *does not* relieve the Government from properly asserting the information. As the Court has stated:

> "Even when the defendant was not surprised by the enhanced sentence, was Aware from the outset that his previous conviction could lead to an enhanced Sentence, never challenged the validity of the prior conviction, and admitted It at the sentencing hearing, the statute prohibits an enhanced sentence unless The government first seeks it by properly filing an information prior to trial. **United States v Weaver, 905 F.2d 1466 (11th Cir. 1990)** citing **United States v Noland, 495 F.2d 529 (5th Cir.) Cert. Denied, 419 U.S. 966, 95 S.Ct. 228, 42 L.Ed.2d 181 (1974)**."

Assuming the argument that the information filed by the Government satisfies the requirements of §851(a), the Court failed to make the inquiry required by §851(b). Section 851(b) provides for as follows:

"If the United States Attorney files an Information under this Section, the Court shall after conviction, but before pronouncement of sentence inquire of the person with respect to whom the information was filed whether he affirms or denies that he has been previously convicted as alleged in the Information, and shall inform him that any challenge to a prior conviction which is not made before sentence is imposed, may not thereafter be raised to attack the sentence." 21 U.S.C. §851(b).

No such inquiry was made by the Court; nor did the Court advise the Petitioner of his right to challenge his prior conviction. Therefore, a new sentencing hearing is necessary to permit the Court to comply with this Section. **United States v Cevallos, 538 F.2d 1122 (5th Cir. 1976).**

Also, where the Court of Appeals could not conclude either that a defendant appreciated his ability to challenge his prior conviction for sentencing purposes or that any challenge to a prior conviction would have been futile, District Court's failure to follow colloquy requirements of 21 U.S.C. §851(b) before enhancing sentence pursuant to 21 U.S.C. §841(b), could not be considered harmless and remand for re-sentencing was required. **United States v Ruiz-Castro, 92 F.3d 1519 (10th Cir. 1996)** See also: 45 Federal Rules of Evidence Procedure 691, 35 Fr.Serv.3d 769.

Other Courts have further stated that proper advisement and service with Certified Copy of Conviction is a jurisdictional prerequisite. **United States v Galiczynski, 44 F.Supp.2d 707 (3rd Cir. 1999).**

The ritual required by 21 U.S.C. § 851(b) is a functional one, and its omission can result in very real prejudice to a defendant who learns only after he attempts to challenge a prior conviction that the conviction has become unassailable. **United States v Cevallas, 538 F.2d 1122 and 954 F.2d 37 (1999), 268 F.3d 850 (2001).**

Accordingly, the strict requirements of § 851 of proper notice, service, certified documents, have not been met. The Certified Docket sheet submitted by the Government does not in any way comply with § 851 or due process. To say the least, a certified docket sheet cannot stand as a copy of a valid prior drug felony as required by § 851, especially since the alleged charge was amended/reduced to a charge no one is aware of. The prejudice is very extreme here, since it represents a Twenty -year mandatory minimum. There is once again, no viable excuse for Counsel's failure to object, force the Government's burdens, and disallow the use and/or defective service of the notice. In addition, it is unreasonable that any docket sheet could substitute for appropriate notice.

Support of Petitioner's contention that the record of his prior conviction is insufficient, can be found in this Court's order of June 26, 2001   The Court states the following: [this order stems from the granting of the guilty plea withdrawal motion.]

"....The Court only has a record of a single criminal conviction over seven years ago. The Court has no record of whether or not Defendant pled guilty or was convicted by a jury. The Court also does not have any information regarding whether Defendant was represented by an attorney in that case."

In sum, the Court cannot use the § 851 notice, as it fails in every aspect, and denied due process in every aspect. The Government cannot seriously expect this Court

to ignore the obvious facts indicating that the Petitioner's rights to due process were violated.

**WHEREFORE**, since the Government did not answer the claims as raised, this Matter must go to an evidentiary hearing to further develop the Record. The Petitioner maintains his claims and claims prejudice pursuant to Civil Rules. The Government has defaulted on the claims and relief to the Petitioner should be **GRANTED**.

The Petitioner shall ever pray....

Respectfully submitted,

*Isadore Gennings*

Isadore Gennings
03394-061
FCI Loretto
P.O. Box 1000
Loretto, PA 15940