UNITED STATES DISTRICT COURT
                     SOUTHERN DISTRICT OF OHIO
                         WESTERN DIVISION

ISADORE GENNINGS,                :
                                 : No. 1:01-CR-00009
        Petitioner,               :
                                 :
                                 : **OPINION AND ORDER**
   v.                            :
                                 :
UNITED STATES OF AMERICA,        :
                                 :
        Respondent.               :
                                 :


        This matter is before the Court on Petitioner's Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255 (doc. 214), the United States' Response in Opposition (doc. 216), and Petitioner's Reply (doc. 217). For the reasons indicated herein, the Court DENIES Petitioner's motion.

**I. Background**

        Petitioner was charged on February 7, 2001, with conspiracy to distribute and possess with intent to distribute in excess of five (5) kilograms of cocaine (doc. 1). On February 15, 2001, Petitioner entered a not guilty plea, and subsequently changed his plea to guilty on April 5, 2001 (doc. 184). Petitioner moved to withdraw his guilty plea and again pleaded not guilty on July 31, 2001 (Id.). The government then issued a superceding indictment, to which Petitioner also pleaded not guilty (Id.). Upon conviction by a jury the Court sentenced him to 240 months (Id.)

Petitioner appealed to the Sixth Circuit Court of Appeals twice (doc. 216). The Court of Appeals affirmed his conviction and remanded the case for resentencing (Id.) The District Court conducted a hearing and resentenced him to 240 months (Id.). Petitioner again appealed his sentence and the Court of Appeals affirmed the new sentence (Id.).

Petitioner now moves to vacate his sentence, arguing eight claims of ineffective assistance of counsel (doc. 214). His first claim alleges that he should be re-sentenced pursuant to U.S. v. Booker, 453 U.S. 220 (2005) (Id.). Claims two (2) through six (6) and claim eight (8) allege that Petitioner's counsel gave ineffective assistance by failing to properly prepare and present Petitioner's case (Id.). Claim seven (7) alleges that the cumulative effect of counsel's errors represents ineffective assistance of counsel at trial and on direct appeal (Id.). The government responds that Petitioner is improperly raising issues which are waived because they were not raised on direct appeal (doc. 216). Further, the government argues that Petitioner has not met the necessary standard for showing ineffective assistance of counsel in a §2255 motion (Id.). Petitioner responds that his claims were not raised on direct appeal as a result of ineffective counsel, and an ineffective assistance of counsel claim is properly brought in a §2255 motion (doc. 217).

**II. Analysis**

Having reviewed this matter, the Court finds the government's arguments well-taken. Petitioner has been to the Court of Appeals twice on direct appeal (doc. 216). If Petitioner did not raise the current issues on direct appeal, he must show cause and prejudice in order to seek relief. Bousley v. U.S, 523 U.S. 118, 622 (1998). Petitioner argues that the ineffective assistance he received was the cause of his failure to raise the current issues (doc. 217).

Ineffective assistance of counsel constitutes cause. Ratliff v. U.S., 999 F.2d 1023, 1026 (6th Cir. 1993). However, to prove ineffective assistance of counsel, Petitioner must demonstrate that counsel's assistance "fell below an objective standard of reasonableness." Strickland v. Washington, 466 U.S. 668, 688 (1984). Petitioner has not met this burden. Counsel's assistance has fallen below the objective standard of reasonableness when counsel failed to investigate a client's prior criminal record (Rompilla v. Beard, 545 U.S. 374 (2005)) or where counsel failed to do any pretrial investigation (Rolan v. Vaughn, 445 F.3d 671 (3d Cir. 2006)). Generally, when there is a strategic reason for counsel's actions, the court presumes the assistance was effective, even if the strategic decision was not ultimately successful. U.S. v. Cieslowski, 410 F.3d 353, 360 (7th Cir. 2005). The failure of Petitioner's counsel to dissuade him

from entering a not guilty plea in this case does not fall below an objective standard of reasonableness.

Additionally, Petitioner must demonstrate that the errors he appeals created an actual and substantial prejudice. U.S. v. Frady, 456 U.S. 152, 170 (1982). It is not sufficient to allege a mere possibility of prejudice. Id. Despite Petitioner's conclusory statements to the contrary, he has not demonstrated that the quality of his counsel's representation prejudiced his defense or resulted in a harsher sentence.

### III. Conclusion

For the reasons indicated herein, the Court DENIES Petitioner's Motion to Vacate, Set Aside, or Correct His Sentence (doc. 214), and DISMISSES this case from the Court's docket. The Court further DECLINES to issue a certificate of appealability. Finally, pursuant to 28 U.S.C. § 1915(a)(3), this Court CERTIFIES that any appeal of this Order will not be taken in good faith, and any application to appeal in forma pauperis should be denied.

SO ORDERED.

Dated: 7/31/07

S. Arthur Spiegel
United States Senior District Judge

4